WEAVER ET AL. V. CARPENTER ET AL.

1. **Conveyance:** INNOCENT PURCHASER: FRAUD. Fraud practiced upon the grantor of lands, in procuring the conveyance, will not vitiate the title of an innocent purchaser from the grantee without notice.

2. ———: ———: ———. A purchaser in good faith for a valuable consideration, who exercises due diligence by examining the records of the county to ascertain the condition of his title, will be protected from outstanding equities of which he had no notice.

3. ———: MINOR: DISAFFIRMANCE OF DEED. Where an infant was fraudulently induced to execute a deed of land to another, believing that she was simply executing an instrument authorizing the person named therein to sell the land, and failed to make inquiry respecting the exercise of the power for thirteen years after the attainment of her majority, when she was first informed of the fraud: *Held*, that she would not then be permitted to disaffirm her deed.

4. **Jurisdiction:** SERVICE OF NOTICE: PARTNERSHIP. Where service purports to be made upon the individual members of a firm, and the name of one of them is miscalled in all the proceedings, the service upon his co-partners will not give the court jurisdiction of him, and his interest in the property levied upon under the judgment will not be divested by the judicial sale.

5. **Statute of Limitations:** NON-RESIDENTS. The statute of limitations will not run in favor of non-residents of the State.

*Appeal from Black Hawk District Court.*

·TUESDAY, MARCH 21.

ELSA D. Weaver and Hannah P. Gates, sisters, bring this action in chancery to set aside a deed, executed by them, conveying a quarter section of land in Black Hawk county, and to remove certain other clouds from their title and quiet it in themselves. They were tenants in common of the land in question, and now allege that, in 1856, they united in a deed therefor to Reynolds Carpenter, jr., Blackmar E. Brownell and Andrew P. Carpenter, who were co-partners doing business under the style of R. Carpenter, jr., & Co. One of the plaintiffs, Mrs. Weaver, and the grantee in the deed, at the time lived in Vermont, where all now reside; the other plaintiff resided

in New York. None of these parties have ever lived in this State. The lands were sold in 1865, under a judgment rendered in the District Court of Black Hawk county, the same year, in an action by attachment brought on a promissory note executed by the firm of R. Carpenter, jr., & Co., and purchased by R. H. Wells, the plaintiff in execution, who conveyed the property, in 1868, to Thomas P. Hathaway. The grantees of plaintiffs, the heirs of Wells, who has since deceased, and Hathaway, the present claimant of the land, are made defendants in this action.

Plaintiffs allege that the title set up adversely to them is fraudulent and void for the following reasons:

1. Their deed for the lands was procured without consideration and by fraudulent representation. The grantees had solicited from them authority to sell the land for plaintiffs' benefit, proposing to invest the proceeds in other real estate of more value; they represented the land as valueless and that plaintiffs could not give a good title. A brother of plaintiffs was in the employment of the grantees, and had wrongfully appropriated money or property belonging to them. They agreed, in consideration that he should procure the execution by plaintiffs of the deed for the land, that they would forbear to institute a prosecution against him for his delinquencies. Upon the request of their brother, and relying upon his representations, having confidence in and affection for him, they executed the deed without having read it or having heard it read, or having its contents made known to them. They supposed it to be an instrument appointing the Carpenters and Brownell their agents to dispose of the land, and they had no intention to convey the property to them. Mrs. Gates was, at that time, a minor of the age of seventeen years. Plaintiffs further allege that they have never ratified the deed so executed, but have disaffirmed it by the commencement of this suit upon the discovery of the fraud above alleged, of all of which each of the defendants had full notice. It is also averred that defendant, Hathaway, claims title in no other manner than under the sheriff's sale and that it fails, on account of the judgment and execution being against R. Carpenter and

*Blackman E. Browning* instead of Reynolds Carpenter, jr., and Blackmar E. Brownell.

The defendants answered the petition denying the allegations in conflict with the title assailed by plaintiffs; and set up that defendant Hathaway has been in the actual occupancy of the land under the title upon which he relies for more than ten years, that neither of the parties, for more than ten years after Mrs. Gates reached her majority, set up any claim to the land, and insist they are barred by the statute of limitations and estopped by their own acts of negligence from recovering the land now. They allege that in the action and proceedings wherein the land was sold, through mistake the name of R. Carpenter, jr., appears as R. Carpenter and the name of Blackmar E. Brownell is written Blackman E. Browning. The answer is made a cross-bill, and defendants pray that the mistake in the names be corrected in the judgment and proceedings, and that the title to the land be quieted in them.

Upon the final hearing the relief prayed for by plaintiffs was granted as to the interest of Mrs. Gates in the land and denied as to Mrs. Weaver, except as to her interest in Brownell's share of the land. She was declared to be the owner of an undivided one-sixth of the land, the court thus holding that an undivided one-third of the land, being the interest claimed by defendants to have been conveyed to Brownell, was vested in plaintiffs. From this decree Hathaway and the heirs of Wells appeal; the other defendants do not join therein.

*Boies, Allen & Couch,* for appellants.

The creditor who purchases at judicial sale upon his own judgment is protected from outstanding equities of which he had no notice. (*Gower v. Doheney,* 33 Iowa, 36.) A firm may be sued by its partnership name or in the names of its individual members. (Rev. § 2785.) A judgment will not be reversed except upon some error to which exception was taken in the court below; the objection cannot first be made on appeal. (*McKey v. Bethel,* 12 Iowa, 562; *Downing v. Harmon,* 13 Id., 535; *Bethel v. Leay,* 14 Id., 592; *Decatur Co.*

*v. Clements*, 18 · Id., 596.) Judgments on defective service are not void but voidable and not vulnerable to collateral attack. (*Bonsall v. Isett*, 14 Iowa, 309; *Cooper v. Sunderland*, 3 Id., 114; *Morrow v. Weed*, 4 Id., 77.)

*George Ordway* and *J. L. Husted*, for appellees.

Misrepresentations of a material matter, inducing a party to enter into a contract, when made by one in whom the party has confidence, constitute fraud and undue advantage. (*Shaffer v. Sleade*, 7 Blackf., 178; Story's Eq. Jur., §§ 221–2, 307, 309 *b*.) If the purchaser takes advantage of the fraud of his agent it is immaterial whether the fraud be concocted by the agent or principal. (Story's Eq. Jur., § 193 *a*.) False representations to a minor will invalidate a deed. (*Bergen v. Udall*, 31 Barb., 9; *Sears v. Shaffer*, 2 Seld., 268.) The transaction being without consideration to the parties, who were infants, is void. (*Vent v. Osgood*, 19 Pick., 472; 1 Smith's Lead. Cas., 242.) There must be manual delivery of the deed by the infant or it is void. (*Stafford v. Roof*, 9 Cowen, 626; *Heath v. West*, 26 N. H., 191.) The act of a minor in appointing an agent is void. (1 Pars. on Con., 5 ed., 295; *Bennett v. Davis*, 6 Cowen, 393; *Whitney v. Dutch*, 14 Mass., 457.) Defendants must plead and show that plaintiffs had knowledge of the fraud more than five years before the commencement of the action. (*Harlin v. Stevenson*, 30 Iowa, 371.) The right of an infant to avoid his contract is paramount to that of a purchaser without notice. (*Jenkins v. Jenkins*, 12 Iowa, 195.) Where service is made by publication, a material misnomer of one of the defendants would render the judgment absolutely void as to him and invalidate all subsequent proceedings. (*Journey v. Dickinson*, 21 Iowa, 308.)

BECK, J.—I. The execution of the deed for the land in controversy by the plaintiffs is not denied. It is alleged, however, that the contents and effects of the instrument were unknown to them at the time of its execution, which was procured by fraud by plaintiffs'

1. CONVEYANCE: innocent purchaser: fraud.

brother acting for the grantees. Let this position be admitted. If it be found that the title passing by this deed is vested in an innocent purchaser, plaintiffs cannot now defeat it. This is a familiar rule of law and its observance is essential to the security and quiet of land titles. If deeds for land, upon which the titles of innocent purchasers rest, should be set aside because of fraud practiced upon the grantors by reason of their negligence in failing to read the instruments, or in some other way to acquire a knowledge of their purport and effect, no titles would be secure against assaults of the dishonest; the written muniments provided by the law for the protection of land owners would fail of their purpose. Public policy, as well as protection of the property of the citizen, demand the maintenance and due enforcement of the rule we have announced.

II. The evidence establishes without a doubt that Hatha-way was a purchaser in good faith and for value and had no notice of the facts alleged in plaintiffs' petition, or of their claim based thereon. He exercised proper diligence to ascertain the true condition of the title to the land by causing a search of the records of the county, and purchased in the confidence that he was acquiring a good title. Wells, the plaintiff in execution and purchaser under the sheriff's sale, had no notice of plaintiffs' alleged equities. He is protected from outstanding equities of which he had no notice, like any other purchaser. *Gower v. Doheney*, 33 Iowa, 36.

III: Mrs. Gates, when the deed was executed, had not reached her majority. But a minor in this State is bound by his deed, unless he disaffirms it within a reasonable time after he comes of age, and restores the consideration in his control after his majority. Code, § 2238; *Jenkins v. Jenkins*, 12 Iowa, 195. No act of disaffirmance by Mrs. Gates is shown, prior to the bringing of this suit, a period of more than thirteen years after she attained her majority. Certainly it cannot be claimed that this is a reasonable time. But it is urged that plaintiffs were not advised of the frauds perpetrated upon them until about the

time of the commencement of this suit, and Mrs. Gates, therefore, disaffirmed her deed as soon as she was informed of its existence. In our opinion she is justly chargeable with negligence in making no effort to discover the true purport and effect of the instrument she executed to Carpenter and others. She confesses to a knowledge that it concerned or affected her lands; according to her statement, it authorized their sale by the parties to whom it was given. Surely, common diligence would have prompted her to inquire whether the power she supposed the instrument conferred had been exercised, and whether she still remained the owner of the property. Inquiries directed to the attainment of knowledge upon these points would have disclosed to her the true character of the instrument she executed. During the long period intervening after her majority and prior to the commencement of the action, she made no inquiry in regard to the lands and paid no taxes upon them. Had she discharged the duty incumbent upon all good citizens to pay the taxes upon this property, she would have discovered that the instrument she made was a deed and that the lands were held by one claiming title adversely to her. Her negligence, whereby she was kept in ignorance of the existence of the deed, will not excuse her for failing to disaffirm it within a time which, in the exercise of reasonable diligence, would have been sufficient for the discovery of the fraud she alleges was practiced upon her.

. In determining what is a reasonable time under the statute for disaffirmance of a minor's deed, the rights of others who may be affected by delay must be considered. The same is true when questions of fraud or concealment are connected with the execution of the deed and the right of disaffirmance. It would not be equitable to extend the time so that innocent purchasers would acquire titles and make improvements, relying upon the validity of deeds which appear of record. Their safety, it is plain, demands that disaffirmance should not be delayed ten years.

. IV. The land was conveyed by plaintiffs to Reynolds Carpenter, Jr., Blackmar Brownell and Andrew P. Carpenter. In Wells' attachment proceedings, judgment, execution and

sheriff's deed, the name of Blackman E. Browning appears instead of Blackmar E. Brownell. It cannot be claimed that under these proceedings, Brownell's interest in the land is divested. The failure to make him a party to the action is not, as defendants' counsel maintain, caused by the fact that, as the note was executed by the co-partnership of which he was a member, service of process upon one partner gives jurisdiction over the firm. This is true when the action is brought against the firm. In this case it is not. It is true that the action might have been brought against the co-partnership by name. It was properly brought against the partners individually. The service of process upon one co-defendant cannot give jurisdiction over another that was not served.

*4. JURISDICTION: service of notice; partnership.*

V. It is also urged that, as Brownell does not and cannot object to the sufficiency of the proceedings to divest him of the land, the plaintiffs cannot urge the objection to them. But this position leaves out of view the rights and claims of plaintiffs. If the title be in Brownell, and as against him plaintiffs are entitled to recover the land, surely his failure to assert title, or his assent to the validity of the title of the other defendants, ought not to defeat plaintiffs' rights. If such were the law, it would place the rights and claims of plaintiffs subject to the will of Brownell.

VI. Upon the defense based upon the statute of limitation, set up by the defendants, it is only necessary to say that all of the defendants, as well as the plaintiffs, were non-residents of the State until three years prior to the commencement of this action, when Hathaway took possession of the land. All the other parties are still non-residents. The statute will not run in favor of the defendants while they were non-residents of the State. Code, § 2533; *Heaton v. Fryberger*, 38 Iowa, 185; *Gillett v. Hill*, 32 Id., 220; *Penley v. Waterhouse*, 1 Id., 498.

*5. STATUTE of limitations: non-residents.*

VII. Whether, as between Browning and plaintiffs, the latter are entitled to recover the interest held by him in the land, the proceedings instituted by Wells being insufficient to divest him of title, we cannot inquire. The decree

of the court below awards to the plaintiff, Mrs. Weaver, one-sixth of the land, being the interest of Brownell, and to Mrs. Gates one-half, holding that she is entitled to recover to the full extent of her claim. As we have held that the sheriff's deed does not divest Brownell of his interest in the land, he is entitled to it if plaintiffs do not recover. But he does not unite in appeal to this court. As between plaintiffs and him, the decision of the court below not being appealed from can not be reviewed.

The decree of the court, so far as it awards to plaintiffs the interest of the land held by Brownell, is affirmed. As to the other defendants who have appealed, the petition of plaintiffs will be dismissed. A decree in accord with this opinion will be entered here, or at plaintiffs' option the cause will be remanded to the District Court for that purpose. Defendants who appeal will pay the costs of this court.

MODIFIED AND AFFIRMED.