KALONA SAVINGS BANK, Appellant, v. MOSES I. EASH, ET AL., Appellees.

Descent and distribution: CHARACTER OF HEIR'S ESTATE: RIGHTS OF CREDITORS.   An heir takes the same interest in real property which the deceased possessed, and where the ancestor had a fee simple title a judgment against the heir attaches to his interest and may be enforced by a general execution. The powers of a court of equity cannot be invoked to determine such interest and subject it to a satisfaction of the judgment.

*Appeal from Johnson District Court.*— HON. O. A. BYINGTON, Judge.

TUESDAY, NOVEMBER 20, 1906.

Petition for rehearing dismissed Wednesday, February 6, 1907.

ACTION in equity to have the interest of the defendant Moses I. Eash in certain lands established and set apart and subjected to the payment of a judgment held by plaintiff. There was a demurrer to the petition which was sustained. Plaintiff refusing to plead over, there was a judgment in

favor of defendants dismissing the petition, and for costs.
Plaintiff appeals.— *Affirmed.*

*John J. Ney* and *George B. Holbert,* for appellant.

*A. E. Maine, M. J. Wade,* and *J. G. Marner,* for appellees.

BISHOP, J.— The substance of the petition was as follows: That in January, 1904, plaintiff obtained a judgment in the district court of Johnson county against said defendant Moses I. Eash for the sum of $100, interest and costs, and with an allowance of a general execution. That Magdalena Eash, mother of said Moses, died in Johnson county, March 1, 1905, leaving certain particularly described real estate, belonging to her, and not exempt, and subject to the payment of debts, situated in said county. That said Magdalena Eash left as her sole and only heirs said Moses I. Eash and Isaac Eash, her sons, and Eli Yoder and Magdalena Yoder, minors, her grandchildren. That Eli Stutesman is administrator of the estate of said Magdalena Eash. That said Moses I. Eash is the owner in fee simple of an undivided one-third of said land, subject only to the right of the administrator to sell the same to pay debts. That Noah Yoder claims some interest in said lands. The petition then declares that a lien arose on March 1, 1905, in favor of plaintiff against the interest of said Moses I. Eash in said lands. And it is added that plaintiff has not been made a party in any way to the proceedings in probate in the matter of the estate of Mrs. Eash. The prayer of the petition is that the court " determine the interest of Moses I. Eash in the land described, and set apart and subject the same to the payment of the judgment hereinbefore referred to this plaintiff," and for general equitable relief. The demurrer challenged the petition generally as stating no grounds for equitable relief; and further that it was not made to appear that the estate

of Magdalena Eash had been settled and the interest of Moses I. Eash determined, and as the interest of Moses I. Eash is subject to the proceedings for the settlement of said estate, and as this can only be determined in probate, the court had no jurisdiction of the subject-matter.

The demurrer was rightly sustained. Leaving out of view for the moment the probate proceedings, and the interests to be protected therein, the situation is precisely what it would have been had Mrs. Eash in her lifetime conveyed to Moses an undivided one-third; in legal contemplation her death operated to convey to the latter her interest and title to the land. As alleged in the petition, this was an absolute title in fee simple. If that be material, it was also a legal title as distinguished from an equitable title. This must be so because in the case of a descendible interest the character of the estate held by the ancestor is the character of the estate cast upon the heir. The incident of descent works no transformation in the quality of the title. This being true, plaintiff's judgment at once became a lien and accordingly was enforceable by levy and sale under general execution in the manner common to judgments at law. Having an adequate remedy at law, there could be no excuse for invoking the powers of a court of equity. It is fundamental doctrine that in such cases equity will turn a deaf ear. *Hill v. Denneny,* 106 Iowa, 726. We may concede that where title rests upon equitable grounds, and is shrouded in uncertainty, the doors of a court of equity on proper allegation may be open to one possessing a property interest in the land, to the end that the title may be measured, defined or quieted. But a judgment lien holder has no property interest in the lands of his debtor. *Ind. Dist v. Werner,* 43 Iowa, 643. The right he possesses is simply to resort to a levy and sale thereof to satisfy his judgment demand. This he may do whether the interest of his debtor in the land is legal or equitable. And, if the interest is equitable, it is

immaterial as between the parties whether the interest appears of record or not.    Code, section 3801; *Bartle v. Curtis,* 68 Iowa, 202; *Lathrop v. Brown,* 23 Iowa, 40.

It will be observed that the allegation is made that one Yoder has some interest in the land.    And from this, with perhaps the additional fact that Mrs. Eash's estate still remains unsettled, counsel for appellant urges that the interest of Moses I. Eash must therefore be regarded as equitable in character, and not only this, but that plaintiff's judgment lien must be regarded as equitable; accordingly that plaintiff is not restricted to the remedy of ordinary proceedings under general execution.    This is not quite understandable.    In the first place, we cannot see how the bare allegation that Yoder claims some interest, whether legal or equitable the petition does not advise us, can be given effect to convert for the purposes of present consideration what would otherwise be a legal estate into an equitable estate.    Nor can the unsettled condition of the estate matter be given such effect.    As alleged, neither matter goes to the quality of Eash's estate, but rather to the possible quantity. So too, it is not clear to us what is meant in this connection by an equitable lien.    A judgment lien is established in full force and effect the moment the judgment is rendered; to that end, it requires no aid from a court of equity.    And it attaches *eo instanti* to any estate, legal or equitable, subsequently acquired by the debtor.    As we have seen, equity will not enforce it except upon showing that legal proceedings are impotent for the purpose.

But counsel says that a " judgment creditor before sale has a right to clear up doubts, make that which is remote or obscure present, clear and certain, and ascertain and fix the rights and interest of all persons claiming to own real estate upon which he asserts a lien, certain as a decree in equity can declare them before a sale."    The proposition is somewhat startling to say the least.    It is the equivalent of saying that without any allegation of insolvency a judgment

creditor may fix his eye upon certain real estate, the property in fee simple of his debtor, and respecting which such debtor has done no act in denial of or affecting his title, and may then go into equity, and have the title of his debtor in such property bounded and quieted by decree before taking any step to subject the same to the payment of his debt. To sustain his position, counsel places reliance on Code, sections 3977, 3978.· These sections relate to levies of execution on personal property, and the rule thereof is without analogy. We are also cited to Code, section 4087 *et seq.*, authorizing what is commonly known as a " creditor's bill." But a creditor's bill is not maintainable except where legal remedies have proven ineffectual, or there is an affirmative showing of insolvency. *Peterson v. Gittings*, 107 Iowa, 306. One office of the bill is to uncover property which the debtor has sought by fraud or concealment to place beyond the reach of, his creditors, and another is to subject to the payment of plaintiff's judgment equitable assets or choses in action of the debtor, which are not reachable by general execution. Here no fraud or concealment is alleged, and there is nothing to indicate that Eash took anything other than the legal title to the property which was in the mother, and which, by the law of inheritance, was cast upon him at her death. If the interest thus derived was in fact equitable in character, and not reachable by execution, it was for plaintiff to allege the facts which brought his case within the domain of equity. With the probate proceedings still pending, it was not for a court of equity to step in and work interference by attempting to measure the interest of an heir in the real property. Any finding would, of course, be subject to the right of creditors pursuing their remedy through the probate court to take any or all such real estate. We do not understand counsel for appellant to controvert this proposition.

We think there was no error, and the judgment is *affirmed.*