SAMUEL PARKHILL, TRUSTEE, v. EUGENE DOGGETT and MRS. EUGENE DOGGETT, Appellants.

**Partition of estates:** PARTIES. Where a trust has been created for
1  that portion of an estate devised to a minor to be so held until
   the minor attains his majority, a trustee who is vested with
   the title is a necessary party to a partition of the estate which
   in any manner affects the interest of the devisee during his
   minority.

**Apportionment of testamentary trust:** TITLE. Upon the appoint-
2  ment of a testamentary trustee in case of a failure of the one
   designated in the will to qualify, his title relates back and is
   vested as of the date of the trust.

*Appeal from Keokuk District Court.*— HON. W. G. CLEMENTS, Judge.

MONDAY, JUNE 10, 1907.

ACTION in equity brought by the plaintiff as trustee to
set aside and vacate a decree of partition. There was a
judgment setting aside the decree and denying the relief
prayed as to other interests represented by other parties.
The defendants, and the plaintiff in behalf of Ethel Hutton,
one of the beneficiaries under the trust, appeal. The de-
fendants will herein be designated as appellants. Affirmed
in part and in part *reversed*.

*C. M. Brown,* for appellants.

*W. C. Gambell* and *J. P. Talley,* for appellee.

SHERWIN, J.— A. J. Doggett died testate on or about
the 30th day of January, 1899, seised of the land involved

in this action. He left a widow with whom he had entered into an antenuptial contract, and several children and grandchildren. The will was duly admitted to probate, and by the terms thereof there was bequeathed to the children of his daughter Louisa Hutton a one-eighth of the residue and remainder of his estate after certain other bequests were paid. The sixth clause of the will was as follows: "It is my further will, and I do devise and bequeath that the portion of my estate herein before given to the children of Louisa Hutton, who may be living at the time of my death, shall not go to them until the youngest of such children may become of age. And I do hereby make, constitute, appoint and declare and devise that my son, Eugene Doggett, shall take the share devised to them in trust until the youngest shall become of age and during such time, he shall pay the income derived therefrom to the mother of said children should she be living, and in case of her death, then he is to use the same for the support and education of said children as to him shall seem best." There were three children to take under this provision of the will, namely, Ethel Hutton, Emma Hutton, now Mrs. Carney, and Oscar Hutton. At the time of the testator's death these children were all minors under the age of fourteen years. Eugene Doggett never accepted the trust provided for in the will of his father, and no trustee under the will was named in his place until after the suit in partition and the judgment therein which this action assails were brought and determined. In September, 1899, Mary E. Doggett, the widow of A. J. Doggett, commenced an action for the partition of the land in question, in which action she made Eugene Doggett and these minors with others defendants. In October, 1900, a decree was rendered in that case establishing the interests of all parties concerned in the land in question; it being determined therein that the interest of each was a one-tenth interest therein. The land was sold to effect the decree of partition, and afterwards the portion which belonged to these minor legatees under the decree was

paid over to them.    This suit was brought for the purpose of recovering a one-ninth interest in the land in question, instead of the one-tenth interest, which was awarded in the partition decree; plaintiffs basing their action upon the allegation that neither the guardian of the minors or the trustee was made party to the partition suit or served with notice thereof.    These three Hutton grandchildren whose names we have already given were made parties, but were all at the time under fourteen years of age, and no legal service of notice was had upon them.    Several defenses were interposed, which, so far as necessary, will be noticed in the further consideration of the case.

Counsel have devoted much of their argument to the question whether the court had jurisdiction in the partition suit to render a judgment which would bind the interests of the minors, but, in our view of the case, that question is an academic one here.    By the sixth paragraph of the will a trust was created for the estate devised to these minors and the legal title to their interest in the land vested in the trustee, whoever he might be.    *Wilhelm v. Calder,* 102 Iowa, 342; *Meek v. Briggs,* 87 Iowa, 610; *Quinn v. Shields,* 62 Iowa, 129. The record shows without conflict that there was no attempt made to make the trustee of this interest a party defendant in the partition proceedings.    He was not made a party by the pleadings, nor was notice of any kind served upon him. The court was therefore wholly without jurisdiction to render a judgment in the partition proceedings affecting in any way the interests represented by the trustee.    1 Perry on Trusts, section 328; *Meek v. Briggs, supra;* 2 Underhill on Wills, section 781.    It is true it appears from the record in this case that Eugene Doggett never accepted the trust, and it follows from his failure to so accept that the title did not vest in him; but it is equally as clear that, under this provision of the will, a failure on the part of the trustee to accept the trust therein would not vest title in the legatee.

1. PARTITION OF ESTATES: parties.

The title would either vest in the trustee or in the heirs subject to the trust; and hence, to enable the court to make an order of partition, it was necessary to have a trustee under the will who would be vested with the title to the real estate.

When Parkhill was subsequently appointed trustee, his appointment related back to the inception of the trust, and the title would vest in him as of that date. 1 Perry on Trusts, section 273. It is said by the appellants that the appointment of Parkhill as trustee was irregular and improper, and that in no event can he represent the interests of Emma Hutton, now Mrs. Carney, because she has married and also received her share of the money derived from the partition of the land. The trouble with this contention is that Parkhill as trustee holds the title under the terms of the will for the benefit of all of the legatees named therein, and must so hold it until the youngest child becomes of age. Until such time arrives, the title is in the trustee, and it cannot be affected by any act of any of the legatees so far as the power of the trustee is concerned.

2. Appointment of Testamentary Trustee: title.

It is also said on the part of the appellants that the judgment in this case is erroneous, because some of the parties in interest had received their share of the money, derived from the partition sale. As we understand the record, this money was deposited with the clerk for the use of the appellants, and we think this sufficient to fully protect the appellants' interests; and that is all that a court of equity is called upon to do.

The court found that Ethel Hutton had been served with such notice in the partition proceeding that the judgment against her could not be questioned in this collateral action; but, as we find that the title to the land was in the trustee, she was not a necessary party, and the title of the trustee could not be affected as to a subsequent interest which she might acquire by bringing her into court. We are therefore of opinion that the judgment of the district court should

be reversed on the plaintiff's appeal, and remanded for judgment in harmony with this opinion as to the interest of Ethel Hutton.

In all other respects the decree must be and it is affirmed.

*Affirmed* in part and *reversed* in part.