SAMUEL PARKHILL, Trustee, Appellee, v. EUGENE DOGGETT ET AL., Appellants.

**Trusts:** CONVEYANCE BY BENEFICIARY: COMPENSATION AND EXPENSES
1   OF TRUSTEE. A trustee of property is entitled to reasonable compensation and expenses incurred in the execution of his trust; and where, as in this case, the minors upon reaching their majority sold and conveyed their interest in the trust property the purchaser did not take the property divested of a lien for the compensation of the trustee and his expenses.

**Same:** COMPENSATION AND EXPENSES OF TRUSTEE: REVIEW ON APPEAL.
2   Any error of the trial court in allowing to a trustee of property his compensation and expenses will not be considered on appeal, where the abstract contains no testimony bearing upon the reasonableness of the same.

**Same:** ENFORCEMENT OF TRUSTEE'S RIGHT TO COMPENSATION AND EX-
3   PENSES. Where minors, the beneficiaries of a trust, pending an action for partition of the property by the trustee, having arrived at majority, sold and conveyed their interest, as in this case, so that the purchaser acquired the entire property, an antecedent order for the sale of the property to effect partition will not be stayed, where it appears on an accounting of the trustee that the beneficiaries are indebted to him; as such indebtedness is a lien on the property and the trustee is entitled to a sale of the same to satisfy the lien unless the purchaser pays the amount thereof.

*Appeal from Keokuk District Court.*—HON. W. G. CLEMENTS, Judge.

WEDNESDAY, MARCH 15, 1911.

THE opinion states the case.—*Modified* and *affirmed.*

*C. M. Brown* and *D. W. Hamilton,* for appellants.

*W. C. Gambell* and *J. P. Talley,* for appellee.

WEAVER, J.—The plaintiff, as trustee under the will of one A. J. Doggett, brought action to set aside a decree of partition of certain lands so far as the decree affected a fractional interest held by himself as trustee for the use of certain devisees under said will. The trial court having granted the relief prayed, an appeal was taken to this court, where the decree was affirmed in part and reversed in part. *Parkhill v. Doggett,* 135 Iowa, 113. The result of the decision was to settle in plaintiff for the use of three minor grandchildren of the testator a one-ninth part of the land. Soon thereafter plaintiff himself instituted another action for the partition of the same land. Decree was entered settling the shares and ordering the sale of the property for the purposes of partition, also adjusting certain claims and counterclaims for improvements, rents, and profits. On a second appeal this decree was affirmed. *Parkhill v. Doggett,* 142 Iowa, 535. After the decision last mentioned Eugene Doggett who, as the owner of an eight-ninths interest in the property, has been the principal defendant in the litigation, filed a supplemental answer, alleging that the three beneficiaries of the trust estate held by the plaintiff having reached their majority since the trial of the cause, had sold and conveyed to him their entire interest in said land, and that he was now the holder and owner of the full title to the entire tract, on which showing he asked that the proceedings be dismissed "upon such terms as may be just and right." After many motions and pleadings of various kinds, the utility and purpose of most of which do not clearly appear, the court entered a supplemental decree. It attempts to

state the history of the litigation extending over a period of years, and adjust claims of the trustee for services and expenses, which are allowed in the aggregate sum of $1,155, which amount is to be diminished by the sum of $135.45, due the defendant upon the adjustment of improvement claims. This sum is made a lien on the trust property, and the land ordered sold, the one-ninth part of the proceeds of said sale to be first applied to the payment of the allowance made to the trustee and costs, and the surplus, if any, paid to the defendant Doggett. From this decree, Doggett again appeals.

Unless this third appeal has been prosecuted from sheer force of habit acquired by the defendant, it is difficult to see the purpose of again bringing the case to this court. The right of the trustee to the one-ninth of the land for the use of the three children was settled by the first appeal. The right to have a partition made and for a sale to carry the partition into effect was settled by the second appeal. The rights which defendant acquired by purchase of their share from the beneficiaries pending the litigation is recognized by the supplemental decree, and all he has to do to prevent the sale is to pay the amount to which the court finds the trustee entitled for services, costs, and expenses in the litigation. Possibly the decree is not as clear in this respect as it should have been, but it is quite apparent to us the court did not intend to deny appellant the right to escape the sale of the land by paying the sum found due.

It is conceded by appellant that the trustee is entiled to his reasonable compensation and expenses properly incurred in the matter of his trust, but, if we understand the argument, it is contended that the allowance should not have been made a lien on the property, and that the amount allowed is too great. It would be neither reasonable, just, nor equitable to say that appellant, by purchase of the

1. TRUSTS: conveyance by beneficiary: compensation and expenses of trustee.

land from the children after they became of age, could so
remove it from the operation of the trust and jurisdiction
of the court that it. can not be made chargeable with the
proper costs and expenses incurred in administering it.
We may concede the claim that the conveyance of the
children on reaching their majority vested him with the
title to their one-ninth interest, but that title comes to
him charged with the same liability for costs and ex-
penses which attached to it in their hands, or in the hands
of their trustee.   When a ward reaches his majority, his
guardian can not be compelled to turn over the entire trust
estate and accept a mere personal judgment against the
ward for the costs and expenses of the guardianship; but
the court, after settling the amount of such charges, will
provide for their payment from the trust fund.   This is
an elementary rule everywhere recognized, and is uni-
versally applied in the settlement of all trusts.   The trial
court did not err in making a similar order here.

As to the amount allowed to the trustee for expenses,
counsel indulge in much criticism in a general way, and
with some specific complaints as to the items of attorney's
fees, but the abstract contains not a word
of testimony bearing upon their reasonable-
ness or unreasonableness.   If it be argued
that the court should examine the entire
record and history of the case, and for itself determine
the propriety and reasonableness of each item of these
charges, we can only say that, assuming the exercise of
such a function to be allowable under some circumstances,
this is not a case which would justify it.   This litigation
has been of a very protracted character, and has been fur-
ther complicated by repeated appeals and shifting of is-
sues, and the labor involved, whether well or ill directed,
has of necessity been very great in proportion to the
amount at stake.   The trial court is much better situ-
ated than this court to audit the account, and we are not

2. SAME: com-
pensation and
expenses of
trustee: re-
view on
appeal.

disposed upon the showing, or rather, upon the utter lack of showing, here made to disturb its order in this respect. Moreover, the appellant is not in a position to indulge in severe condemnation of the waste to which this little estate has been subjected by needless litigation. It was he who resisted the claim of the children by their trustee to set aside a decree and sale which has been made in violation of their right. It is he who, by successive appeals, by injunction, and by objection at every stage of the proceedings, has been largely responsible for the protraction of the struggle until it fairly justified the characterization put upon it by the trial court in the order appealed from as "this endless litigation." If these children, who had grown from babyhood to majority pending the quarrel of others over their ,patrimony, obtained any valuable consideration for the conveyance of their rights to the defendant, they are to be congratulated. Otherwise, it is to be hoped they are blessed with that keen sense of humor which will enable them, while holding the empty sack, to get a little amusement in watching the fight between their *quondam* trustee and the appellant over the apportionment of the responsiblity for the waste to which their estate has been subjected.

Finally, it is complained that the court's order provides for the sale of the entire property for the payment of these charges, and not simply for the sale of the one-ninth part. We do not understand the order to require the sale of any property, unless it be necessary to enforce payment of the costs and expenses as allowed by the trial court. The order for sale was made before the appellant bought out the interests of the beneficiaries of the trust, and the supplemental order, when properly interpreted, does no more than provide that such sale shall proceed, if it shall be found necessary to segregate the one-ninth part which has been in dispute in order to subject it to the expenses

3. SAME: enforcement of trustee's right to compensation and expenses.

of the trust. As we have already suggested, this can be avoided by the simple expedient of payment and ceasing the policy of obstruction. It should also be said that the appellee's attitude has not been wholly blameless. When the court had fixed the amount he was entitled to recover, instead of manifesting a willingness to take his money and quit, he appears to have asserted the right to proceed with the sale of the land and add the costs thus arising to the already extraordinary aggregate, without affording appellant opportunity to discharge the claim by payment, and thereby avoid the increased burden.

It is time for war to cease, and we shall contribute our effort to that end by again affirming the decree appealed from, subject only to a modification by which the defendant shall have thirty days after the filing of this decree in which to pay and satisfy the allowance made by the trial court for costs and expenses incurred by the trustee, and such other costs and expenses, if any, as may be lawfully taxed against him in these proceedings, and that until the expiration of such period all proceedings under said decree or order of sale shall be stayed. The costs of this appeal will be taxed one-half to each party.—*Modified* and *affirmed.*