J. L. CURTIS et al., Appellees, v. FRANK REILLY et al., Appellants.

**PARTITION:** Necessary Parties. Partition of lands between tenants in common will not be entertained unless *all* persons interested therein are made parties, plaintiffs or defendants. So held where certain members of a dissolved and fully settled partnership sought partition of that part of the property which was separately owned in common by the *partners*, without joining other tenants in common, who were strangers to the partnership.

**PARTNERSHIP:** Partner's Interest in Lands of Fully Settled Partnership. Partners of a dissolved and fully settled partnership which has lands as a balance of assets, are just as much tenants in common with nonpartnership owners of lands as though there had never been a partnership, and each of the partners and nonpartners had individually bought his respective interest in the property. It follows that there may not be partition of the partner's interests without joining the nonpartnership owners.

**PARTITION:** Inherently Defective Decree. A decree of partition of the interest of partners in lands, being inherently defective because of failure to bring in other owners of the land, may not be sustained on the after-thought plea that the action was, in substance, a settlement of partnership matters.

*Appeal from Chickasaw District Court.*—W. J. SPRINGER, Judge.

MAY 11, 1920.

SUIT in equity for the partition of real estate. A de-

murrer to the petition was overruled, and the defendants appeal. The material facts are stated in the opinion.— *Reversed.*

*M. E. Geiser,* for appellants.

*Hurd, Lenehan, Smith & O'Connor,* for appellees.

WEAVER, C. J.—The admitted facts in the case are that plaintiffs and defendants were formerly partners in the real estate business. The partnership was dissolved by mutual consent, February 1, 1918, its business settled and debts fully paid, leaving on hand an undistributed or undivided interest in real estate, which had been acquired as follows: During the existence of the partnership, the firm united with other parties in the joint purchase of four different tracts of land, which, for the sake of brevity, we will designate as Nos. 1, 2, 3, and 4. The purchase of No. 1 was made by the firm and one C. C. Sheakley, who shared in the venture in the proportion of one third to Sheakley and two thirds to the firm, the record or legal title being, for the purpose of convenience, taken in the name of J. L. Curtis, one of the plaintiffs. The purchase of No. 2 was made by the firm and one Spaulding & O'Donnell, in the proportion of one half to the firm and one half to Spaulding & O'Donnell, the record or legal title being taken in the name of Frank Reilly, one of the defendants. The purchase of No. 3 was made by the firm and one Pat Reilly, one Shaffer, and one Thorne, in the proportion of four fifteenths to the firm, one fifteenth to Pat Reilly, and ten fifteenths, or two thirds, to Shaffer and Thorne, the record or legal title being taken in the name of W. G. Shaffer, F. E. Thorne, and Charles Reilly. The purchase of No. 4 was made by the firm and one Tim Donovan, in the proportion of one half to the firm and one half to Donovan, the record or legal title being taken in the name of Donovan and J. L. Curtis.

1. PARTITION: necessary parties.

This action was begun April 3, 1918, by two of the former partners, J. L. Curtis and Peter Neu, naming as defendants only their former partners, Frank Reilly and Charles Reilly.

The petition as originally filed alleged that the plaintiffs and defendants were the joint owners of certain interests in real estate, describing the several tracts, Nos. 1, 2, 3, and 4, and the fractional interests held therein by the parties; also stating the names of the other persons, not parties, owning shares in the land. It further alleged that a partition of the lands in kind was not practicable, and that it could be partitioned only by a sale thereof and a distribution of the proceeds to the parties in proportion to their several shares.

By an amendment, later filed, plaintiffs withdrew the allegation that they "are joint owners of certain interests in real estate," and allege that they are joint owners in equal shares of certain equitable interests in the real estate described in the petition. They also pray for a "decree confirming the shares of the parties in said equitable interests in the real estate, and that partition thereof be made."

The defendants demurred to the petition because it discloses upon its face a defect of necessary parties, in that it is alleged and shown that C. C. Sheakley, Spaulding & O'Donnell, W. G. Shaffer, F. E. Thorne, Pat Reilly, and Tim Donovan are each the owner of an undivided share or part in the lands described, or in some of them, and therefore are necessary parties, and that, until they are brought in, the court cannot properly grant the relief asked.

As further ground of demurrer, it is pointed out that the legal title to the land, or of a part thereof, is shown to be in third persons, who are not made parties.

The trial court overruled the demurrer; and, defendants electing to stand thereon, a decree was entered in plaintiffs' favor, to the effect that plaintiffs and defendants

are together equal joint owners of an undivided two thirds of Tract No. 1, an undivided one half of Tract No. 2, an undivided four fifteenths of Tract No. 3, and an undivided one half of Tract No. 4, and that certain other parties, naming them, not parties to the suit, "own the remainder of the premises, but that the rights of such other parties shall in no wise be affected by this decree."

Upon these findings and conclusions, it was ordered and adjudged that plaintiffs "are entitled to a decree of partition of the undivided interests belonging to them and to the defendants jointly;" and, it appearing that the property is not susceptible of actual partition, a sale was ordered.

I. The issue is purely one of law: Are the plaintiffs, under the conceded facts, entitled to maintain their suit for partition without joining therein, as plaintiffs or defendants, the other persons who are admittedly the owners of undivided shares in the several tracts of land?

The rule is settled beyond all controversy that an action for partition of lands between tenants in common will not be entertained by the courts unless all persons interested therein are impleaded as plaintiffs or defendants. *Barney v. Baltimore City,* 6 Wall. 280 (18 L. Ed. 825) ; *Parkhill v. Doggett,* 135 Iowa 113; *Milligan v. Poole,* 35 Ind. 64; *Hiles v. Rule,* 121 Mo. 248.

We do not understand appellees to contend that such is not the law, but they deny that this case falls within its terms, because, as they assert, plaintiffs and defendants are not tenants in common with the other

2. PARTNERSHIP: partner's interest in lands of fully settled partnership.

purchasers, but are the joint holders of an equity only, in which the other purchasers have no part or interest, and such equity may be partitioned without making them parties. That this involves a misconception of the state of the title and the respective rights and interests of the several

parties therein, we think is quite demonstrable.  It is true that, at common law, it was the rule, and is still a recognized principle, that a partnership, as such, not being a person, is incapable of taking and holding title to land.  But purchases of land made by a partnership have never been held void.  The title so acquired vests, by operation of law, in the partners as tenants in common, with all the usual attributes of an estate of that nature, subject only to an equitable charge for the payment of partnership debts, when other assets of the firm are exhausted.  In this case, it is admitted that the partnership has been dissolved; that there are no partnership debts; and that the business of the firm has been fully adjusted and settled.  It is also conceded that, whatever may have been the title or interest acquired by the partnership, it is now vested in plaintiffs and defendants in equal shares.  If, then, it be true, as we have here suggested, that the conveyance of a fractional interest in these lands to the firm vested the title to such interest in the individual partners, as tenants in common, subject only to an equitable charge for the payment of the firm's debts, it follows of necessity that, when the liability to such equitable charge was removed by the dissolution of the partnership and the payment of its debts, the title to the several tracts of land stood precisely as it would have stood, had the partnership never existed, and the several plaintiffs and defendants in their individual capacity had united with Sheakley and the other third persons in making these purchases.  Supporting the rule we here apply, the decisions are numerous.

Borrowing the language of Mr. Freeman:

"The theory sustained by the vast preponderance of the American decisions is that the legal title of the partnership realty is held by the copartners as tenants in common, subject, in equity, to be applied to the payment of the debts of the firm; that, when such debts are paid, all the inci-

dents and qualities of real estate revive; that the trust'in favor of the partnership exists only in behalf of partner- ship objects and liabilities, and, these being fully discharged, the legal title is released from all trusts, and will descend to the heir, as in the case of any other tenancy in common." Freeman's Note to *Greene v. Greene,* 13 Am. Dec. 647.

See, also, Freeman on Cotenancy & Partition, Section 119; *Close v. O'Brien & Co.,* 135 Iowa 305; *Wilcox v. Wilcox,* 13 Allen (Mass.) 252; *Shearer v. Shearer,* 98 Mass. 111; *Baker v. Wheeler & Martin,* 8 Wend. (N. Y.) 505; *Strong v. Lord,* 107 Ill. 25; *Pepper v. Pepper,* 24 Ill. App. 316; and recent annotated case *Kentucky B. C. Coal Co. v. Sewell,* 249 Fed. 840 (1 A. L. R. 556).

In applying this rule, it is also held that, where the conveyance designates the partnership by its firm name as the grantee, parol evidence is admissible to identify the individual partners as the true owners of the title so conveyed. *Walker v. Miller,* 139 N. C. 448 (1 L. R. A. [N. S.] 157).

Speaking of partnership real estate, Mr. Washburn, in his work on Real Property (1st Ed.) Volume 1, page 423, says that:

"Whatever remains of such partnership real estate after the debts of the company shall have been discharged, is held in common, at once subject to dower or curtesy, and goes to the heirs or devisees accordingly."

In short, to repeat in substance what we have already said, the parties, by the several purchases, acquired a tenancy in common in the several tracts of land, each an equal one fourth of two thirds of Tract No. 1; an equal one fourth of one half of No. 2; an equal one fourth of four fifteenths of No. 3; and an equal one fourth of one half of No. 4, subject only to the equity in favor of partnership creditors; and, when that equity was discharged, the legal

title of each to his share, as such tenant in common, became perfect and indisputable; and no partition of such property could be had in an action to which all the co-owners were not made parties. Again we remark that we leave out of the discussion on this branch of the case any consideration of the fact that the title to the land in each instance was taken in the name of one or more of the individual purchasers, for the benefit of all. The fact is conceded, and it is sufficient at this point for us to speak of the title as if it had been judicially determined to be in the beneficial owners. It is, of course, manifest that, with the legal title standing in the trustees, no partition can be ordered, in any event, without bringing them into the case. See *Parkhill v. Doggett,* 135 Iowa 113. This, however, is a complication which can readily be remedied, if further proceedings be had upon remand of the case to the trial court. The mere fact that an undivided fraction of the property was purchased by the joint action of four persons, acting together with one or more other persons, is quite immaterial. All the purchasers are tenants in common of all the land, no matter how small or great be the undivided fractional shares therein, and the joint purchasers of an undivided fractional part cannot maintain an action for partition of their particular fraction between themselves, without making parties of all other tenants in common of the property as a whole. No matter how many persons or combinations of persons unite in making the purchase, or in what fractional parts or proportions they purchase, they still take as tenants in common. Neither acquires superior title or interest in any part or portion of the property. Each has an undivided title and interest, in proportion to his share, in every inch of the land, and no one of them can have his integral part carved out and set apart to him, or sold for his benefit, without in some degree affecting the rights and interests of all the others. That this may not

be done in an action to which all are not parties, is very clear.

In other words, to use the language of the Supreme Court of the United States in *Barney v. Baltimore City*, *supra*, the interests of all the owners in the subject-matter of such a suit and in the relief sought "are so bound up with that of the other parties that their legal presence as parties to the proceedings is an absolute necessity, without which the court cannot proceed."

In holding that the purchasers of each of the four tracts of land took title thereto as tenants in common, and that all are necessary parties to a judicial partition, we do not wish to be understood as conceding, even by inference, that, if plaintiffs' contentions were to be admitted,—that the interest of the former partners is in the nature of an equity only,—it would entitle any of them to maintain an action between themselves alone for the partition of such equity. In view of the conclusions already expressed, it is unnecessary to enter that field, except as indicated in the following paragraph.

II. Appellees concede that, "after a partnership is dissolved and debts are paid, the firm real estate may be partitioned;" and this the appellants do not deny, if all necessary parties are brought into court. This concession on part of plaintiffs, and their further concession that this partnership is dissolved, its business settled, and its debts paid, would seem to remove the foundation from under their case: but they fend against such conclusion by saying that neither the partnership, nor its former partners owned or now owns any land in common with the third persons named; and that this action is not for the "partition of land itself, but for a division of the equitable estate which belonged to the former copartnership," an estate which, they say, existed in the partnership, from which it passed to the partners, when the firm was dissolved and its debts

paid; and that in this estate no other person or persons has any share or interest. We confess to some difficulty in following counsel's line of reasoning at this point. They speak of the right or rights of the former partners in the land as an "estate" or "equity," distinguishing it in some way from an ownership in common with their fellow purchasers; but they wholly fail to explain, define, or suggest the nature of the estate or equity which they insist may be partitioned by the court without making such copurchasers parties to the proceeding.

Now, an estate in lands is any property, right, or interest therein, and includes every species and kind of title to real property known to the law, from a mere leasehold to a fee simple absolute, and not excepting a tenancy in common; and to say that the partition sought in this case has reference only to an estate in the land, as distinguished from the land itself, gets us nowhere. Nor does the assertion that partition is desired of an "equity" in the land, as distinguished from the property itself, bring us nearer the mark. An equitable title to land exists where the legal title is vested in one person, and the beneficial interest inures to another person,—such a case, in fact, as is illustrated in this record, where the conveyances of the lands purchased were made to one or more of the individual purchasers for the benefit of all.

An "equitable estate" or interest in land is, generally speaking, some definite right or interest in the property such as will furnish ground for equitable relief against a trustee or against any person or persons asserting a hostile right or interest therein. It is, perhaps, evident that the claim at this point is to the effect that the partnership itself never acquired anything but an equity, because it was incapable of taking the legal title; but, as we have already found that land so conveyed does vest in the partners as tenants in common, it is unnecessary to repeat the discus-

sion here.  If that conclusion is correct, the attempted dis-
tinction between the kind and quality of title acquired in
the lands by Sheakley and other purchasers not made par-
ties to the action, and the title acquired by their copur-
chasers, is not sound.

III. Appellees further say that, in any event, although
this is, in form, an action for partition, yet, even if this re-
lief be not available, the proceeding is in equity, and the de-
cree below may be sustained as an exercise
of the equitable powers of the court in
winding up a partnership business.  This
cannot be.  To do this is to work an abandon-
ment of the suit brought, and entire disregard of the theory
upon which the case was presented and disposed of in the
court below.  There is no controversy whatever over the
partnership business.  The firm has been dissolved, its debts
paid, and there is left to the partners this land.  It is con-
ceded in the pleadings that the plaintiffs and defendants
are individually the equal owners of whatever estate or
right they acquired in the property.  That equal right they
acquired, not only by their joinder in the purchase, but by
operation of law, following upon their voluntary and ami-
cable settlement of their partnership affairs without the aid
of the court, and upon the payment of firm debts, and dis-
charge of all opposing equities.  If there subsequently arose
controversy over the division of the land, either party had
the right to bring suit for partition, and in such action the
court was not called upon to settle the business of a part-
nership already settled and closed.  What plaintiffs de-
manded was partition, a form of action with which the
statute forbids the joinder of any other proceeding.  It was
partition, or attempted partition, which was granted.  Such
an adjudication involved no partnership accounts or part-
nership matters in general.  The plaintiffs asked no ad-
judication of the partnership affairs, nor was any such is-

3. PARTITION:
inherently de-
fective decree.

sue tried.  The trial court, in its decree, treats the case as one in partition, and ordered partition.  It is entirely too late to change the nature of the issues tried and decided.

There is no sound theory of law or equity on which the decree is sustainable.

IV. Our attention is called, in conclusion, to the "legal difficulties" which would have faced the plaintiffs, had they attempted "a complete partition of the land itself."

It is pointed out that, as no two of the four tracts of land in question were bought by the same combination of purchasers, partition of all the tracts could not be had in a simple suit, and plaintiffs would have been driven to bring four several suits to accomplish that end.  This is probably true, if the objection be made.  *Hunnewell v. Taylor,* 3 Gray (Mass.) 111.  It is one of the embarrassments of riches.  An ancient monarch is reputed to have expressed great regret that all his enemies did not have a single neck, so that he might behead them at a single stroke.  Human life is full of similar perplexities.  The established procedure may be inconvenient, but the court cannot, on that account, waive its requirements.  Failure to implead necessary parties in partition is a jurisdictional defect.  *Parkhill v. Doggett,* supra.

For reasons stated, the decree below must be—*Reversed.*

LADD, GAYNOR, and STEVENS, JJ., concur.