BANKERS TRUST COMPANY as Trustee, Appellant, v. C. A. KNEE, Sheriff, et al., Appellees.

No. 43063.

NOVEMBER 19, 1935.

OPINION ON REHEARING DECEMBER 15, 1936.

REHEARING DENIED APRIL 9, 1937.

 ██

Gamble, Read & Howland, for appellant.

Helsell, McCall & Dolliver and Casper Schenk, for appellees.

STIGER, J.—It is conceded that at all times involved herein Addison M. Parker and Hugh M. Schuler were partners. It is also conceded that the property involved herein was partnership property from the time same was acquired, regardless of the fact that some of the property was in the name of one partner and some in the name of the other.

In the year 1920, this partnership was indebted to three banks in the sum of approximately $78,000, and, to secure the same, a trust indenture was duly executed and recorded in Dallas county, Iowa, where the land in controversy was located. By this trust deed conveyance was made to the Bankers Trust Company, as trustee, of the land involved herein, together with other lands. Among the other powers conferred upon the trustee was the right to "sell, assign, convey, mortgage, encumber, pledge, or hypothecate the Trust Estate or any part or parcel thereof * * * and for that purpose to execute such necessary instruments of conveyance, assignment or otherwise that may be required to effectuate any such transactions. * * * For it is the intention of the Grantors to invest the Trustee with the power, right, and authority to handle, manage, operate, control, and conduct the Trust Estate in such manner as it, in its sole arbitrary discretion, shall from time to time determine and elect, as being for the best interests of the beneficiaries of the Trust. * * *" This trust indenture bears date of the 15th day of August, 1927. As to all the property described in the trust deed, it is provided that the conveyance is made "subject, however, to all existing liens or encumbrances or leases, or prior assignments or transfers, either as to the whole or any part thereof, or as to any undivided interest or right therein, and subject also to any and all unpaid taxes, or tax sales unredeemed." The trust was accepted by the trustee and possession of the property was taken.

As to the land involved in the foreclosure herein referred to, the following is its history: The title originated in one Daniel

E. Luther. (This is known in the record as the "Luther land".) It was encumbered by two mortgages amounting to approximately $27,000. On the 17th of February, 1920, this land was purchased from Luther by E. W. Broderick. The deed provided that the conveyance was made "subject" to the aforesaid mortgages. On the 28th day of February, 1920, Broderick and wife conveyed an undivided two-thirds of the premises unto Addison M. Parker, "subject" to the aforesaid encumbrances. On the 18th of February, 1925, Parker and wife conveyed the undivided two-thirds interest that had been conveyed to them by Broderick to H. M. Schuler, but, as stated above, this interest in the aforesaid land was at all times the property of the partnership. The notes and two mortgages above referred to were payable to the Webster County Trust & Savings Bank of Fort Dodge, Iowa, and from that bank M. H. Thatcher purchased the same. Thatcher died, and the executors of his estate brought an action in equity in 1925 to foreclose said mortgages. In that action, among numerous other defendants, were Addison M. Parker and H. M. Schuler, named as individuals. A stipulation was made by the parties for a continuance of the case until March, 1926, containing an agreement that judgment might be entered for any deficiency as to the sale of the mortgaged premises against the defendants Addison M. Parker and H. M. Schuler. On October 28, 1925, a decree was entered against the defaulting defendants, and as to Addison M. Parker and H. M. Schuler the above stipulation was made. On January 7, 1927, a supplemental judgment and decree was entered against Addison M. Parker and H. M. Schuler, and each of them, on the Luther land, in the sum of $15,626.01. Judgment was entered against Addison M. Parker and H. M. Schuler on said notes and foreclosing said mortgages. At the sale of this property by the sheriff there was a deficiency of $6,817.39. On October 12, 1933, a general execution was issued to make this deficiency against the property of "Addison M. Parker, H. M. Schuler", and levy was made on what is known in the record as the "Hoskins land". This execution was later returned by the sheriff, reporting the sale en masse to nine named members of the Thatcher family, and sheriff's certificates of purchase were issued to them.

The action at bar is against the sheriff and the named purchasers at the aforesaid sheriff's sale, and asks against all the defendants, except Knee (the sheriff), that they be "declared

and decreed to have no right, title, or interest in or to the premises described (the Hoskins land) by reason of the purported execution sale thereof to them, * * * and that said defendants be permanently enjoined from demanding, taking, or receiving a sheriff's deed thereto pursuant to the Sheriff's Certificate of Purchase hereinbefore referred to; and * * * the defendant C. A. Knee, as Sheriff of Dallas County, Iowa, be permanently enjoined and restrained from making, issuing, or delivering a sheriff's deed to said premises pursuant to said execution sale and the Sheriff's Certificate of Purchase hereinbefore referred to; and the levy and sale under said general execution shall be adjudged null, void, and of no force nor effect. The title of the plaintiffs as against the defendants (other than the sheriff) shall be quieted,'' and for general equitable relief.

It will be noticed that the judgment of foreclosure was entered on the 7th of January, 1927, and that the trust deed hereinbefore referred to bore date of August 16, 1927, and was duly recorded. It will also be noticed that in this foreclosure proceedings the partnership of Parker and Schuler is not named as a defendant. There is no showing in the record that notice was served on the partnership, and there is no reference in the petition or the proceedings as to the partnership of Parker and Schuler. The primary question at this point is whether or not a judgment was obtained against the partnership of Parker and Schuler, or, if not, whether or not the judgment actually obtained was a lien on the partnership property.

It is conceded that if the decree of foreclosure created a lien upon the land in controversy at the time of its entry, then the plaintiff's rights are junior and inferior to the rights of the defendants, under the trust deed. The plaintiff concedes this to be the situation, and states it as follows: ''If, as a matter of law, the judgment (decree) did attach as a lien on the interest of the partnership in the Hoskins farm, without question it was and is a prior lien as against the rights of plaintiff arising under the trust agreement.''

The question, therefore, first to be decided is whether or not the decree in the equity foreclosure became a lien on the land in controversy.

We have many times announced the rule in this state to be that where land is encumbered and the vendee accepts a deed reciting that the conveyance is made ''subject'' to the en-

cumbrance, and nothing further is shown, this does not create a personal liability on the vendee. Our latest pronouncement on this proposition will be found in the case of Des Moines Joint Stock Land Bank v. Allen, 220 Iowa 448, 452, 261 N. W. 912, 913, 915, where all of our previous cases are referred to. We there laid down the general rule:

"It is the well-settled rule of law that where property is conveyed subject to an existing mortgage, the grantee is not liable for the payment of such mortgage, unless it appears from the evidence that he agreed to assume it."

The only showing in the record on this question, aside from the provisions of the deed, is a contract of partnership entered into on the 1st of February, 1925; and in an exhibit attached to it is shown the indebtedness of $78,000 to the three banks, and it is then recited: "In addition to the above unsecured indebtedness, the co-partners have executed mortgages on the above described real estate, or have taken title to said real estate subject to certain mortgages, which they agreed to pay, the same being as follows, to-wit." There follows the descriptions of numerous mortgages owing by the partnership, among which are the two mortgages for $27,000. It is provided: "It is further agreed that the properties listed in the Schedule, marked Exhibit 'A', attached hereto, whether or not the title to the same be held in the name of H. M. Schuler, A. M. Parker, or Parker & Schuler, are the properties of the said partnership, and that the liabilities listed in the schedule, marked Exhibit 'B', attached hereto, whether the same be evidenced by joint notes of the parties hereto, or notes executed by the partnership of Parker & Schuler and endorsed by the individual members of said partnership, are liabilities of the said partnership, for the satisfaction of which each of the parties is entitled to have the properties set forth in Schedule-Exhibit 'A', exhausted prior to the application of any of the same to the individual indebtedness of either H. M. Schuler or A. M. Parker."

 It is claimed that by reason of the wording of these exhibits, the partnership assumed and agreed to pay the mortgages on the Luther land. With this proposition we cannot agree. This was a contract of partnership between these two parties, and not a contract for the benefit of a third party. The two partners had a right to make such an arrangement between them-

selves as they saw fit relative to the partnership property. They had a right to consider the mortgages on the Luther land as a partnership obligation as between themselves. They were not making a contract for the benefit of the holders of the mortgages. Aside from this statement in the exhibit to this contract of partnership, the record is wholly barren of any evidence to show that the partners agreed to assume any part of these mortgages, and the plaintiff, seeking to hold them under the theory that the partnership assumed and agreed to pay these mortgages, had the burden of proof and has not sustained such burden. Aside from this, the plaintiff had the right, when it sought foreclosure of this mortgage, to make the partnership a party defendant. This it failed to do, and nowhere in the proceedings is the partnership referred to. Parker was made a party defendant in his individual capacity, as was Schuler, and the decree was against each of them in his individual capacity. The question is whether, under these circumstances, there was any judgment against the partnership which could become a lien upon partnership property. The trend of authority in this state is to the point that to obtain jurisdiction of a co-partnership and to get a judgment against such co-partnership the suit must be against the partners as such. Weaver v. Carpenter, 42 Iowa 343; Anderson v. Wilson, 142 Iowa 158, 120 N. W. 677. It is well settled that under our statute a partnership is a legal entity, known and recognized by the law. Fitzgerald v. Grimmell, 64 Iowa 261, 20 N. W. 179; Ruthven v. Beckwith & De Groat, 84 Iowa 715, 45 N. W. 1073, 51 N. W. 153; Argus v. Ware & Leland, 155 Iowa 583, 136 N. W. 774. It has been held that a judgment against a partnership as such is not a judgment against the individual member, nor is it a lien on his individual property. Weaver v. Carpenter, 42 Iowa 343. The statutes of this state clearly recognize this distinction. See Code Iowa 1931, section 10983. With this distinction in mind, it must logically follow that a judgment against the individuals that compose a partnership is not a judgment against the partnership. Lansing v. Land Co., 158 Iowa 693, 138 N. W. 833; Roenfeld v. Poston, 186 Iowa 769, 171 N. W. 597.

 It is quite uniformly held that in the absence of statute a partnership cannot, as such, hold the legal title to real estate. The legal title rests in the partners as tenants in common subject to the rights of the partners, the partnership and partnership creditors. Curtis v. Reilly, 188 Iowa 1217, 177 N. W. 535.

Each partner has the right to have the partnership property applied to the payment or security of partnership debts in order to relieve him from personal liability. The lien of the foreclosure judgment and the rights of the defendants in their certificate of sale was subject to this right.

Until plaintiff acquired its trust deed the partnership creditors had no lien on the assets of the partnership. When the partners, prior to the securing by the defendant of a sheriff's deed elected to secure their partnership indebtedness and on August 15, 1927, executed the trust deed to the plaintiff, the rights of the partnership creditors under the trust deed were superior to the rights of the defendants under their certificate of sale. A mortgage of firm property executed by the firm to secure a firm debt takes precedence over the lien of judgments and executions against the partners obtained by creditors of the individual partners, and this is true though the judgment was obtained prior to the execution of the mortgage. 47 C. J. 932; Rockefeller v. Dellinger, 22 Mont. 418, 56 Pac. 822, 74 Am. St. Rep. 613; Clements v. Jessup, 36 N. J. Eq. 569; Fargo & Co. v. Ames, 45 Iowa 491.

The judgment in the foreclosure suit was against Addison M. Parker and H. M. Schuler on their individual indebtedness, and was a lien on their individual interest in the partnership real estate. The defendant purchasers at execution sale became the owners of the unascertained, remote and contingent interest of Parker and Schuler in the real estate.

The rights of the defendants under their sheriff's certificate of sale are subject to the superior rights of the plaintiff and the partnership creditor's under the trust deed.

The defendants are entitled to a sheriff's deed under their certificate of sale but the interest conveyed thereby will be only the interest of Parker and Schuler as individuals and will be subject to the rights of the plaintiff and the partnership creditors under the trust deed.

The decree entered in this case dismissed plaintiff's petition and held that the defendants' title and interest to the real estate and certificate of sale were prior and paramount to any right or claim of the plaintiff and quieted the title in the real estate and certificate against the plaintiff. This was error.

■■■ Lastly, it is urged by the plaintiff that the levy of the execution is faulty because section 11680 of the Code of 1931 was not complied with. In the case of Kalona Savings Bank v. Eash,

133 Iowa 190, 109 N. W. 887, we held that the aforesaid section (section 3977, Code 1897) relates only to levies of execution on personal property.

The case is reversed and remanded for a decree in harmony with this opinion and the costs are to be taxed equally to the appellant and appellees. The original opinion in the case, found in 263 N. W. 549, is withdrawn.—Reversed and remanded.

PARSONS, C. J., and all Justices concur.