## NIXON v. DOWNEY & WOLVERTON.

1. **Original Notice:** SERVICE: PARTNERSHIP. While service upon one member of a firm gives the court jurisdiction over all the members, in an action against the firm, yet service upon an *alleged* partner, the fact of the partnership not being established, does not confer jurisdiction upon another alleged partner.

2. **Pleading:** ANSWER BY ALLEGED PARTNER. In an action against an alleged firm, where the allegation of partnership is not sustained, an answer by one of the alleged partners is not conclusive upon the other.

3. **Jurisdiction:** APPEARANCE: WITNESS. The appearance of a defendant who has not been served with notice, to testify as a witness, does not constitute an appearance bringing him within the jurisdiction of the court as a party.

*Appeal from Taylor District Court.*

TUESDAY, DECEMBER 14.

THE plaintiff's petition alleges that on the third day of October, 1873, the defendants were partners in the purchase and shipment of fat hogs; that they employed plaintiff to purchase hogs for them at a specified price, and to be delivered at a time and place agreed upon; that the plaintiff purchased and offered to deliver the hogs according to the contract, and that the defendants refused to receive them, whereby the plaintiff has suffered damages in the sum of five hundred dollars.

Wolverton alone was served with the original notice, and he alone appeared and answered the petition. The answer contains a specific denial of each allegation of the petition, and denies that the plaintiff had bought hogs for Wolverton & Downey as partners, or for Wolverton individually, or that he had any contract with him therefor.

The cause was tried to a jury, resulting in a verdict for plaintiff against Downey alone for $317.00. Subsequently Downey filed a motion to set aside the verdict and in arrest of judgment, which being overruled he appeals.

*McCoun & Brown*, for appellant.

A partner may bind the partnership by his contract, but cannot bind another member of the firm in his individual capacity. (*Sherman v. Christy*, 17 Iowa, 322; *Byington v. Woodward*, 9 Id., 360; *North & Scott v. Mudge & Co.*, 13 Id., 496; *Barcroft v. Hawthorne*, 29 Id., 462.) The mere presence in court of a defendant not served does not constitute an appearance; an intention to appear must be shown. (*Crary v. Barber*, 1 Cal., 172.) Service of notice on one member of a partnership will not authorize an individual judgment against another partner not served. (*Hale v. Van Saun*, 18 Iowa, 19.) It was error for the court to make a subsequent entry upon the record respecting the appearance and conduct of one of the defendants. (*Harriman v. The State*, 2 G. Greene, 270.)

*Holliday & Flick*, for appellee.

Service upon one member of a partnership is service upon the firm, by which the court acquires jurisdiction of all. (*Hale v. Van Saun*, 18 Iowa, 19.) One who prosecutes or defends by the employment of counsel, is bound by the judgment rendered.

MILLER, CH. J.—This judgment must be reversed. There was no evidence whatever tending to show that any partnership had existed as alleged in the plaintiff's petition. Indeed, the verdict of the jury finds that no such partnership existed, but it is rendered against a party who had never been served with notice of the action, or made an appearance therein. The original notice was served only on Wolverton. A service upon one partner during the existence of the partnership, gives the court jurisdiction over each member in an action against the firm. *Saunders v. Bently*, 8 Iowa, 516; *Walker v. Clarke*, Id., 474; *Gregory, Tilton & Co. v. Harmon*, 10 Id., 445; *Stephens v. Parkhurst & Pence*, Id., 70. But the fact of partnership is necessary to this result. The service of notice upon an *alleged* partner,

1. ORIGINAL NOTICE: service: partnership.

when no partnership in fact exists, does not give the court jurisdiction over the alleged partner not served with notice and who does not appear to the action.

The court instructed the jury, that if no partnership existed between the defendants, but that the defendant Downey alone made a contract with the plaintiff, substantially as alleged in the petition; that plaintiff had performed on his part, and that Downey failed to perform, they should find a verdict against Downey. As we have seen, Downey had not been served with notice of the action, and had made no appearance therein or filed any pleading, the court had no jurisdiction of him and this instruction was erroneous, and the ruling of the court refusing to set aside the verdict of the jury was. also error.

II. It is urged by appellee that the answer of Wolverton shows that he answered for Downey as well as for himself. An examination of the answer shows clearly that Wolverton answers for himself alone. It cannot be construed into a joint answer of both defendants. But if it could be thus construed, it would not bind Downey, for there is nothing to show that he authorized Wolverton to answer for him, and not being partners no implied authority to do so would exist.

2. PLEADING: answer by alleged partner.

III. The record shows that on the trial of the issue, Downey was called and examined as a witness on behalf of Wolverton, and this is urged by appellee's counsel as an appearance in the action.

An appearance may be made in several modes under our statute (Code, section 2626), among which is, " by an appearance, even though specially made, by himself or his attorney, for any purpose connected with the cause." Under this clause it is claimed appellant's examination as a witness was such an appearance as gave the court jurisdiction over him. It would hardly be claimed that every witness examined in the trial of an action makes " an appearance for any purpose connected with the cause." They do not appear for any purpose connected with the action within the meaning of the statute. · The appearance

3. JURISDIC- TION: appearance: witness.

contemplated in the clause of the statute above referred to is an appearance by a party or his attorney in which the action of the court is invoked in respect to some matter connected with the case or some pleading or paper is filed therein intending to affect the status of the case.

The record does not show that Downey, either by himself or by counsel, asked the action of the court in any matter, or for any purpose connected with the action, or that he filed or procured to be filed any paper of any kind whatever therein, or that he employed counsel for any purpose connected with the cause. It shows only that he was examined as a witness for Wolverton. This was not an appearance within the meaning of the statute.

REVERSED.