MASON v. RICE ET AL., PARTNERS.

1. **Attachment**: WRIT AGAINST FIRM: SEIZURE OF PROPERTY OF PARTNER: ACTION ON BOND. Where an action in attachment was brought against a firm and against the individual members thereof, but the bond which plaintiff filed ran to the firm alone, and not to the individual members, and the clerk, following the bond, issued the writ against the property of the firm only, but the sheriff thereunder seized the individual property of one of the members, *held* that such seizure was not warranted by the writ, and that an action for trespass might be maintained therefor, but that the partner whose property was so seized could not maintain an action on the attachment bond on account of the damage done him by such seizure,—the bond being only for the security of the firm against the wrongful suing out of the attachment, and not to secure others against the tortious acts of the sheriff in levying the writ.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 24.

THIS suit was instituted by plaintiff on four promissory notes, and it was alleged in the petition "that defendants have disposed of their property with intent to defraud their creditors, and that the debt evidenced by said notes is due for property obtained under false pretenses," and the prayer is for judgment against the defendants for the amount

of said notes, and that a writ of attachment issue against the property of defendants. Plaintiff filed a bond, with sureties, which recites that he is about to commence an action by attachment against I. N. Rice & Co., and which is conditioned for the payment of all damages which I. N. Rice & Co. may sustain by reason of the wrongful suing out of said attachment. A writ of attachment was thereupon issued by the clerk, which recited the filing of the petition, and the ground upon which an attachment was demanded, and the filing of the bond and its condition, and which directed the sheriff to attach so much of the property of I. N. Rice & Co. as might be necessary to satisfy the indebtedness. The sheriff served the writ, as shown by his return, by levying on " the following property of I. N. Rice & Co.: A stock of goods, * * * and also all musical instruments and all property of I. N. Rice & Co., I. N. Rice and J. T. Beebee, in building No. 109, on Second street, * * *." The original notice was served on I. N. Rice and I. N. Rice & Co., but there was no service on defendant J. T. Beebee. He appeared, however, and answered, setting up a counter-claim on the attachment bond, in which he alleged that the attachment was wrongfully and maliciously sued out against him, and that he had not disposed of his property with intent to defraud his creditors, nor had the partnership of which he was a member done so; and that the debt evidenced by the notes sued on was not due for property obtained under false pretenses, and that plaintiff had no reasonable grounds for believing that these allegations of the petition were true when he made them; also alleging that the property seized on the attachment belonged to him, and that he was greatly damaged by the suing out of the writ and the seizure of the property thereunder.

On the trial defendant proved that the property on which the writ of attachment was levied had belonged to the firm of I. N. Rice & Co., but that before the levy was made he had bought from I. N. Rice, the other member of the firm,

all his interest in the partnership property. He also offered evidence tending to prove the other allegations of his counter-claim. Plaintiff moved to exclude this evidence on the ground that the property seized on the writ is claimed by defendant Beebee as his individual property, and he cannot recover in an action on the bond for the damages sustained by him in his individual capacity in consequence of the seizure of the property. This motion was sustained by the circuit court, and the jury was directed to find for plaintiff, and on the verdict rendered in accordance with this direction a judgment was entered for plaintiff for the amount of the notes sued on. Defendants appeal.

*Macy & Sweeney* and *Nourse & Kauffman*, for appellants.

*Wright, Cummins & Wright*, for appellee.

REED, J.—The holding of the circuit court, in effect, was that, as the writ of attachment only empowered the sheriff to levy on the property of I. N. Rice & Co., and as the condition of the attachment bond was that plaintiff would pay such damages as that firm might sustain by reason of the wrongful suing out of the writ, defendant did not have a right of action on the bond for the damages sustained by him in consequence of the seizure under the writ of his individual property. This holding is right. The object of the statute in requiring a bond to be given is to afford security to the person whose property is sought to be attached, for such damages as he may sustain in consequence of the seizure of his property, in case the writ is wrongfully sued out. The bond must be given before the attachment can issue, (Code, § 2959,) and it is for the benefit of those parties only whose property may be seized by virtue of the writ.

The undertaking of the obligors in the bond is that they will pay to the defendant whatever damages he may sustain in consequence of the wrongful suing out of the writ. If the

writ commands the officer to attach the property of A., and his property is seized thereon, he has his remedy on the bond, if the suing out of the writ was wrongful, for he is the party for whose benefit the bond was given; and, as the writ empowers the officer to seize his property, the damage which he sustains in consequence of its seizure is occasioned by the wrongful suing out of the writ. But if the writ commands the officer to attach the property of B., and he seizes A.'s property thereon, the injury which A. sustains is in consequence, not of the wrongful suing out of the writ, but of the wrongful levy of the officer; and consequently, as he is not the party whose property was intended to be seized, and the bond was not given for his protection, and was not intended as a security against wrongs of the character of that done him in the seizure of his property, he has no right of action upon it. It is claimed, however, that as Beebee was made a party defendant to the action, and as plaintiff prayed in the petition that a writ of attachment issue against the property of all of the defendants, he and the sureties on the attachment bond ought not to be permitted to avoid responsibility because the individual name of Beebee was omitted from the bond and writ of attachment. It is true, doubtless, that, if a proper bond had been filed, the clerk would have been warranted by the allegations and prayer of the petition in issuing a writ against the individual property of Beebee. But the only bond which plaintiff filed was conditioned for the payment " of all damages which I. N. Rice & Co. may sustain by reason of the wrongful suing out of said attachment." On the filing of this bond he clearly was not entitled to an attachment against the property of any party except the partnership of I. N. Rice & Co.

The clerk, doubtless, took this view of the question, for the writ which he issued commands the sheriff to attach the property of I. N. Rice & Co. It contains no reference to the individual members of the firm or their property. The name of defendant Beebee is not mentioned in the writ, nor

does it contain any recital which in any manner indicates that he is a partner in the firm. The writ, then, clearly did not empower the sheriff to levy on his individual property. The only power which the officer had in the premises was expressed in the mandate of the writ, and by that he was empowered to attach the property of the partnership alone. The attachment, then, was sued out by plaintiff against the property of the firm, and it empowered the sheriff to levy on the firm property only. But the officer without right or authority, attached the individual property of defendant Beebee. The injury, then, which defendant has sustained, was occasioned, not by the wrongful suing out of the attachment, but of the wrongful act of the sheriff in seizing his property on the writ. As the injury of which he complains was caused by the trespass of the officer, and not by the suing out of the writ, the question as to his remedy is not at all affected by the fact that he is a party to the suit in which the attachment was issued, and that the writ might have been issued on the allegations of the petition against his property, as well as that of the partnership. His right of action is against the wrong-doer by whose trespass he has been damaged, and not upon the bond. At a former term an opinion was filed reversing the judgment of the circuit court. But a rehearing was granted, and upon a reargument of the questions involved we have reached the conclusion that the judgment ought to be

AFFIRMED.