L. W. Anderson et al., Appellees, v. George W. Wilson et al., Appellants.

**Creditors suits:** SUBJECTION OF PROPERTY IN NAME OF ANOTHER: EVIDENCE. In a proceeding to subject property standing in the name of another to the satisfaction of plaintiffs judgment, the evidence is held to show that such other person, in whose name defendant had been transacting business under a pretended power of attorney, never in fact existed.

**Partnership:** JUDGMENT AGAINST: LIABILITY OF PARTNERS. A judgment against a partnership as such is not a judgment against an individual member of the firm by virtue of the fact that service upon the firm was made through such member, and is not enforceable against him. To obtain judgment against the individual member he must be made a party and served with notice as such.

**Same.** Even if a judgment against a firm could be enforced against an individual member on the theory that service on the firm made through such member, was service upon him, it cannot be done where the record of the judgment does not show the fact of such service.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

THURSDAY, APRIL 8, 1909.

THIS is an action in equity brought under the provisions of section 4087 of the Code to subject certain property to the lien of certain judgments owned by appellees herein. From the findings of the trial court the defendants appeal.—*Modified* and *affirmed.*

*George W. Wilson,* for appellants.

*John A. Reed, J. M. Grimm* and *C. B. Robbins,* for appellees.

EVANS, C. J.—The plaintiffs are alleged judgment creditors of the defendant George W. Wilson, who has no property in his own name out of which a judgment can be collected. Plaintiffs charge that a large amount of property appearing on record in the name of B. M. I. Wilson is, in fact, the property of George W. Wilson. They also charge that there is no such person as B. M. I. Wilson, and that the defendant George W. Wilson has used the name for many years as a mere cover to protect his property against his creditors. It appears that George W. Wilson has done much business for the last fifteen years or more in the name of B. M. I. Wilson under a purported power of attorney which appears of record. The existence of such a person has heretofore been challenged by creditors of George W. Wilson, and he

1. CREDITORS SUITS: subjection of property in name of another: evidence.

has been examined in supplemental proceedings as to the residence and postoffice address of such person. In pursuance of the information gained in such examination, search has been made for B. M. I. Wilson, but without success. George W. was examined on the question on the trial of this case, and stated that he was somewhere in Cuba. While there appears of record a power of attorney filed and recorded many years ago, George W. has never been able to produce the original, nor does he seem to be able to produce any letters from B. M. I. Wilson, nor does there appear to be any one among his associates who ever saw him. He has been made a party defendant in this case, and the defendant George W. Wilson appears as attorney for him. The trial court made a finding that there was no such person. Appellant contends that such finding is not warranted by the evidence. There can be no absolute certainty that the trial court was right in its finding, but we can not avoid reaching the same conclusion upon the evidence. If this is a wrong conclusion, it was in the power of B. M. I. Wilson to produce the best evidence on the subject by producing himself in person before the court. His existence has been long enough challenged, and efforts to locate him have been sufficiently diligent to warrant an exhibit of the person, and to warrant the court in indulging extreme skepticism until such exhibit be made. We approve of the finding of facts made by the court.

II. The judgment of plaintiff Anderson does not purport to be a judgment against the defendant George W. Wilson, but against George W. Wilson & Co. George W. Wilson & Co. was a partnership of which George W. Wilson was a member. The judgment was rendered upon a note signed by George W. Wilson & Co. When suit was brought, no attempt was made to make any member of the firm a party defendant, but judgment was asked

2. PARTNERSHIP: judgment against: liability of partners.

only against the firm as such.  It is claimed that notice
of suit against the firm was served upon George W. Wil-
son, and that the judgment in question can be enforced
for that reason against his property under the provisions
of section 3468 of the Code.  Such section is as follows:
"Actions may be brought by or against a partnership as
such, or against all or either of the individual members
thereof, or against it and all or any of the members there-
of; and a judgment against the firm as such may be en-
forced against the partnership property or that of such
members as have appeared or been served with notice.  A
new action may be brought against the members not made
parties on the original cause of action."  It is apparent
that the language of this section gives some color to the
claim of appellee.  The contention of this appellee is that
a judgment against the firm as such is by force of this
statute also a judgment against such member of the firm
upon whom notice of the suit was served.  The conten-
tion of the defendant is that a judgment against the firm
as such is a judgment against the firm and nothing more,
and that no judgment can be entered against an individual
partner, except as he be made a party defendant and served
with notice accordingly.  This question has not heretofore
been passed on by this court.  Under the Code of 1851,
it was held that execution under a judgment against the
firm as such could not be levied on the property of a
member of the firm until *scire facias* proceedings be first
had and judgment rendered thereon.  *Davis v. Buchanan,*
12 Iowa, 575.  Section 1691 of the Code of 1851 was
as follows:  "If sued in their partnership name their in-
dividual property may be made liable to any judgment
against them unless sufficient cause be shown to the con-
trary."  This was the statute construed in the *Davis* case.
At the time of such decision, however, section 2785 of the
Revision of 1860 had been enacted, which provided as
follows:  "If sued in their partnership name their in-

dividual property may on *scire facias* be made liable to any judgment against them unless sufficient cause be shown to the contrary." In construing section 1691 of the Code of 1851, the court followed the construction pointed out in the then recently enacted Revision of 1860 (section 2785). *Scire facias* was simply a method of procedure which resulted in the entry of a formal judgment against the individual partner before execution was permitted against his property. In the Code of 1873 all reference to *scire facias* proceedings was omitted. It has been held that a judgment against a partnership as such is not a lien on land of a partner. *Stadler v. Allen,* 44 Iowa, 198; *Lathrop v. Brown,* 23 Iowa, 40. It has also been held that a judgment against an individual partner on a partnership debt confers no jurisdiction over the firm as such. *Weaver v. Carpenter,* 42 Iowa, 343. It has been held, also, that a judgment may be obtained against a partnership as such, even though the court has no jurisdiction over individual members, *Ebersole v. Ware,* 59 Iowa, 663; *Sketchley v. Smith,* 78 Iowa, 542; also that a partnership may have a residence entirely distinct from that of its members, *Ruthven v. Beckwith,* 84 Iowa, 715. The necessary effect of the foregoing decisions is that a judgment against the firm as such creates no presumption of jurisdiction in the court to enter judgment against an individual member of the firm; and this is especially so if the judgment was entered by a justice of the peace, as in the case under consideration, whose jurisdiction is forbidden over actual residents of other counties. Section 2563 of the Code of 1873 was more favorable in its language to the construction now contended for by appellee. The change of language made in the present Code is away from that construction, rather than confirmatory of it. The last sentence of section 3468 provides that "a new action may be brought against the members not made parties on the original cause of action." That sentence seems

to assume that a judgment entered against the firm is not a judgment against any member "not made a party." If this is a correct view, then the clause in the preceding sentence, namely, "such members as have appeared or been served with notice," must mean such members as have appeared or been served with notice as parties defendant.

In construing this section, it must be borne in mind that at common law the liability of members of a partnership was joint, and not several, and that all the known partners were necessary parties defendant, and that no judgment could be entered against one until it was entered against all. One purpose of the statute was to make the liability of partners several as well as joint. Hence the provision that an action might be brought against the partnership as such, and all, or some, or none of the individual members thereof. We think, therefore, that the true construction of this statute is that a plaintiff may prosecute his case to judgment against the partnership alone, or against the partnership and any member thereof which he chooses to make a party, and that he can enforce his judgment against such defendants without waiting to obtain jurisdiction over other members of the firm, and without losing his right to proceed in a new action on the original cause against "members not made parties." If the plaintiff chooses to take his judgment against the partnership alone, a judgment against the partnership alone is all that he has. His execution can be no broader than his judgment, nor can it run, without some special order, against any other property than that of the judgment defendant. If he desires an execution against the property of an individual member of the firm, he must first obtain a judgment in some manner. Under the Revision of 1860, he could obtain it on *scire facias* proceedings if he had failed to obtain it in the original proceeding. By section 3468 of the present Code he can obtain it "by a new action." We must hold, therefore, that the Ander-

son judgment against George W. Wilson & Co. is not a judgment against George W. Wilson.

There is a further reason in this particular case why the appellee is not entitled to enforce this judgment against George W. Wilson. The record of this judgment does not show that service of notice on the firm was obtained by reading the same or leaving a copy with George W. Wilson. That alleged fact is assumed to be proven by the oral testimony of the constable. Even he has no recollection on the subject, but testifies as a conclusion from the fact that he recognizes his signature to a receipt for fees. If it could be said that a clerk was authorized under this section of the statute to issue execution against a partner under a judgment against the firm on the theory that service of notice on the firm was made through such partner, surely such fact ought to appear in the record of the judgment. This situation illustrates the uncertain field which we would enter if we should adopt the construction contended for by appellee.

3. SAME.

In view of our conclusions on this point, the decree of the court below must be modified to the extent here indicated, and relief must be denied to the plaintiff Anderson. As so modified, the decree will be affirmed.— *Modified* and *affirmed.*