THOMAS H. LANSING, Appellee, v. BEVER LAND CO. and A. W. COQUILLETTE, Appellants.

**Partnership:** ENTITY: JUDGMENT. A partnership is a distinct entity, and a judgment against it is not a judgment against the individual members of the firm.

**Same:** EXECUTION: DESCRIPTION OF DEFENDANT: LEVY. Where the
2 · defendant named in an execution appears to be a partnership, a
partnership will be inferred, as the defendant need not be so designated in the writ; and where that is the only recital descriptive
of the judgment defendant, a levy on the individual property of
a member of the firm is unauthorized.

**Same:** ACTION AGAINST PARTNERSHIP: APPEARANCE OF PARTNERS INDI
3   VIDUALLY. The fact that individual partners, on the trial of a
counterclaim filed in an action brought by the partnership, employed counsel, gave evidence and advised and assisted in the
defense of the counterclaim, was not such a personal appearance
to the action as to bind them individually by the judgment; as
these were matters which they might have done as agents of the
firm. And the same rule obtains where the partners were named
as parties and not served with notice.

**Judgments:** AMENDMENT. While a judgment may be amended to
4   show facts different from those recited therein, this cannot be
done in a collateral proceeding.

*Appeal from Linn District Court.*—HON. MILO P. SMITH,
Judge.

WEDNESDAY, DECEMBER 11, 1912.

SUIT in equity to cancel the levy of an execution upon
certain real estate belonging to plaintiff, to enjoin a sale under said execution, and for other equitable relief. To an answer filed by defendants, plaintiff demurred; and from a
ruling sustaining the demurrer defendants appeal.

On rehearing.—*Affirmed.*

*Jamison, Smyth & Hann,* for appellants.

*Rickel & Dennis,* and *J. H. Preston,* for appellee.

DEEMER, J.—Under a case entitled Young & Lansing,
Plaintiff, v. Bever Land Co., Defendant, an action at law
was brought in the superior court of the city of Cedar Rapids
to recover rent paid the defendant, which it is alleged was
a corporation, for a building which was destroyed by fire

before the expiration of the term for which the rent was paid. In the petition no allegation was made as to the nature of the plaintiff, but it was averred that "the lease was assigned to F. M. Young and T. H. Lansing, the plaintiffs herein." Judgment was asked for plaintiffs in the sum of $164.59. The defendant, Bever Land Company, appeared to that action, and filed a counterclaim against Young & Lansing, T. H. Lansing and F. M. Young. A reply was filed to this counterclaim, and upon the issues joined the case was tried, resulting in a judgment for the Bever Land Company against Young & Lansing alone. The exact prayer of the counterclaim was that defendant have judgment against F. M. Young and T. H. Lansing, and against the firm of Young & Lansing, in the aggregate sum of $6,493.14. So that the judgment on its face denied the relief asked against the two parties named. Upon appeal to this court, under the title given in the original case, the judgment was affirmed. Thereafter an execution issued to the sheriff of Linn county, which contained the following recitations and directions: "Whereas, a judgment against Young & Lansing for the sum of six thousand seven hundred and ninety-eight dollars and forty-two cents ($6,798.42) damages, with interest thereon at the rate of six per cent. per annum, and two hundred and sixty-two dollars and thirty-five cents ($262.35) costs, was rendered by the superior court of the city of Cedar Rapids, Iowa, . . . on the 13th day of February, A. D. 1908, in an action wherein Young & Lansing were plaintiffs, and Bever Land Company, defendant, and afterwards on the 17th day of December, A. D. 1908, transcript of said judgment duly certified to by the clerk of said superior court was filed in the office of the clerk of the district court of said county, and a memorandum thereof by said clerk entered in the proper judgment docket of his office, and it appearing from the record of said cause that all of said judgment, the interest thereon, and costs still remain unpaid: These are, therefore, in the name and by the authority of the state of Iowa, to command you

that of the goods, chattels, lands, and tenements of the said Young & Lansing, if sufficient be found in your county which are not exempt from execution, you cause to be made the said sum, with interest and costs and accruing costs, by levy and sale thereof, according to law.'' Pursuant to this execution the sheriff made the following return: ''I hereby certify that on the same day I levied upon and attached as the property of Thomas H. Lansing and Thomas H. Lansing & Co., the following property, to wit: . . . Also the stock standing in the name of Thos. H. Lansing and Thos H. Lansing & Co. in the Allison Hotel Co. of Cedar Rapids, Iowa, and that on the same day I served notice of said levy as shown by return on notices hereto attached. Levy on real estate and the stock in Allison Hotel Co. made this 10th day of December, 1908.''

This action was brought to restrain the enforcement of the execution, upon the ground that plaintiff's property could not be taken upon an execution running against Young & Lansing, and the return shows that the property levied upon belonged to Thos. H. Lansing and Thos. H. Lansing & Co. The claim for appellant under this record, and the whole thereof, is as follows:

On February 13, 1908, a judgment was entered in the superior court of the city of Cedar Rapids, Iowa, against Young & Lansing for the sum of six thousand seven hundred and ninety-eight and $\frac{42}{100}$ dollars ($6,798.42), and cost taxed at two hundred sixty-two and $\frac{35}{100}$ ($262.35) dollars. Prior to said February 13, 1908, F. M. Young and T. H. Lansing commenced suit in the superior court of Cedar Rapids against the Bever Land Company to recover a sum of money claimed to be due said Young & Lansing on account of a certain building as the Clifton Hotel in the city of Cedar Rapids, Iowa, becoming untenantable by reason of a fire which wholly destroyed the same, and that the said Young & Lansing under and by virtue of the lease of said building from the Bever Land Company, which required payment in advance for the rent of said building, said Young & Lansing had paid for a

portion of a month, and had not had the use of the building which had been destroyed by fire. To this petition the Bever Land Company appeared and answered, and filed in addition to said answer a counterclaim against Young & Lansing, T. H. Lansing, and F. M. Young, constituting a copartnership of Young & Lansing, in a large sum. An answer was filed by Young & Lansing to the counterclaim of the Bever Land Company. A trial was had in the superior court, lasting several days, and which resulted in a verdict of the jury against Young & Lansing on the counterclaim in the sum of six thousand seven hundred ninety-eight and $42/100$ ($6,798.42) dollars. . . . The judgment of the superior court of the city of Cedar Rapids was transcripted to the district court of Linn county, Iowa, and an execution issued thereon and levied upon certain real estate and personal property of T. H. Lansing to satisfy said judgment. Thereupon T. H. Lansing filed his petition in the district court of Linn county, Iowa, praying for a temporary and permanent injunction to enjoin the enforcement of said execution against his individual property. A temporary writ of injunction was issued. Thereafter the Bever Land Company appeared, filed its answer, set up the proceedings had and done in the superior court of the city of Cedar Rapids, and especially averring that T. H. Lansing had appeared in the superior court of the city of Cedar Rapids, Iowa, and had hired lawyers and conducted the defense made by Young & Lansing, T. H. Lansing, and F. M. Young, and that because of said facts the said execution was valid and enforceable against the individual property of T. H. Lansing. . . . The ultimate question to be determined under the allegations of the petition of the plaintiff and the answer and amendment thereto of the defendant is as to whether T. H. Lansing's individual property is liable under the execution issued upon a judgment against Young & Lansing.

I.  While some controversy has arisen since the original brief was filed as to the nature of the case, and the claims made by the respective parties, this was the

1. PARTNERSHIP: identity: judgment.

only point relied upon for a reversal when the cause was originally submitted, and we do not think any other question is now involved. Indeed, it is ap-

parent from the counterclaim filed in the original case that defendant, Bever Land Company, was making its claim against a partnership known as Young & Lansing and against the individual members, naming them, and that it obtained its judgment against Young & Lansing alone, which it averred in its counterclaim was a copartnership. No matter, then, what the defects in the original petition filed by ''Young & Lansing,'' the defendant by its counterclaim introduced an original cause of action, which it claimed to have against three parties, and asked judgment against each. In fact, it recovered against one, and that one was Young & Lansing; and in its counterclaim it averred that Young & Lansing was a partnership. A partnership under our law is a distinct entity, and the judgment against it was not a judgment against the individual members of that entity or artificial person known as a partnership. *Brumwell v. Stebbins,* 83 Iowa, 425; *Mason v. Rice,* 66 Iowa, 174; *Anderson v. Wilson,* 142 Iowa, 164; *Sullivan v. Nicoulin,* 113 Iowa, 82; *Graham Co. v. Wohlwend,* 116 Iowa, 358.

The judgment, then, was against a partnership as such, and the execution following the judgment recites a judgment

2. Same: execution: description: tion of defendant: levy.

against Young & Lansing, and directs that of the goods of Young & Lansing by levy and and sale thereof a sufficient amount be raised to pay the aforesaid judgment. From the use of what appears to be a partnership name in an execution, a partnership will be inferred; for there is no necessity of a recital of a partnership in such a writ, although such an allegation may be necessary in a pleading. *D. & S. W. R. Co. v. Akerman,* 2 Ga. App. 746 (59 S. E. 10). As the judgment was against Young & Lansing, and the execution directed a levy and sale of the property of Young & Lansing, the officer was not justified in levying upon the individual property of T. H. Lansing. Code, section 3960, provides that: ''The execution must state the names of the parties to the action, and if it is against the property of the judgment debtor, it shall re-

quire the sheriff to satisfy the judgment and interest out of the property of the debtor subject to execution." And section 3969 says: "The officer must execute the writ by levying on the property of the judgment debtor."

In *Mason v. Rice, et al.,* 66 Iowa, 174, the court had this exact question before it, and we then said:

The clerk doubtless took this view of the question, for the writ which he issued commands the sheriff to attach the property of I. N. Rice & Co. It contains no reference to the individual members of the firm or their property. The name of defendant Beebe is not mentioned in the writ, nor does it contain any recital which in any manner indicates that he is a partner in the firm. The writ, then, clearly did not empower the sheriff to levy on his individual property. The only power which the officer had in the premises was expressed in the mandate of the writ, and by that he was empowered to attach the property of the partnership alone. The attachment, then, was sued out by plaintiff against the property of the firm, and it empowered the sheriff to levy on the firm property only. But the officer without right or authority attached the individual property of defendant Beebe. The injury, then, which defendant has sustained, was occasioned, not by the wrongful suing out of the attachment, but by the wrongful act of the sheriff in seizing his property on the writ. As the injury of which he complains was caused by the trespass of the officer, and not by the suing out of the writ, the question as to his remedy is not at all affected by the fact that he is a party to the suit in which the attachment was issued, and that the writ might have been issued on the allegations of the petition against his property, as well as that of the partnership. His right of action is against the wrongdoer by whose trespass he has been damaged, and not upon the bond.

This rule settles, as it seems to us, every question in the case. True, as we shall presently see, defendants contend that, as they might have had judgment against the individual members of the firm because of their appearance in the case, they are entitled to enforce this execution against the

separate property of Thos. H. Lansing. But the case just cited clearly negatives this thought, and there is really no need of pressing the inquiry further. Counsel for appellant claim, however, that as the judgment and execution ran against Young & Lansing, without other designation, they are entitled to enforce it against either or both. The difficulty lies in identifying the parties as F. M. Young and Thos. H. Lansing.

II. The real point made for appellant is that although the judgment against a partnership alone, and the execution also was directed against partnership prop-
3. SAME: action against partnership: appearance of partners individually.
erty, still in virtue of the allegations of the answer, to which the demurrer was sustained, they are entitled to have the execution satisfied out of the individual property of Thos. H. Lansing, because he was one of the partners and entered an appearance in the original case. The only material allegations of the answer in this connection are:

That the plaintiffs were represented by Attorneys John A. Reed, W. E. Steele, and Henry Rickel, of the firm of Rickel & Dennis; that upon issues joined upon said counterclaim a trial was had before the court and a jury, lasting a number of days, and that a verdict was returned by the jury in favor of the Bever Land Company and against the plaintiffs for $6,798.42; that upon said verdict judgment was entered by the superior court of the city of Cedar Rapids, Iowa; . . . that at the time of the commencement of said suit in the superior court of the city of Cedar Rapids, Iowa, the plaintiff, Thomas H. Lansing, was a citizen and resident of Cedar Rapids, Iowa, and F. M. Young was also a citizen and resident of Cedar Rapids, Iowa; that said plaintiffs Thomas H. Lansing and F. M. Young were both personally present in the superior court of Cedar Rapids, Iowa, and both personally directed the commencement of the suit in said superior court by Young & Lansing, Thomas H. Lansing and F. M. Young, and both personally took an active part in the trial of said case, and especially of the defense made to the counterclaim of the defendant, Bever Land Company;

that the plaintiffs Thomas H. Lansing and F. M. Young were personally present during most of the trial in the superior court of the city of Cedar Rapids, Iowa, and both testified in said case; that the said Thomas H. Lansing employed the attorneys who appeared in said cause and tried said case and F. M. Young also personally employed said attorneys or some of them who appeared in said case and contested said counterclaim; that the principal question involved in said trial was the issue joined upon the counterclaim filed by the defendant claiming damage and attorney's fees growing out of matters connected with the leasing and operation and burning of the Clifton Hotel, when the same was occupied by Thomas H. Lansing and F. M. Young, as Young & Lansing, and that the said Thomas H. Lansing advised with the attorneys conducting the defense in said case, and aided and assisted them, and was personally familiar with all of the proceedings had and done in said case; that after the entering of judgment in said case an appeal was taken to the Supreme Court of the state of Iowa by the said Young & Lansing, at the special instance and request of Thomas H. Lansing, and that said appeal was afterwards dismissed by the Supreme Court of the state of Iowa, and said appeal terminated and ended; that said Thomas H. Lansing employed attorneys to prosecute said appeal, and that in all the defense that was made to said counterclaim and in the trial of said case, and in the appeal thereof, said Thomas H. Lansing employed attorneys, aided and assisted in said case, and was personally present and had full knowledge of all that was done therein; and the defendant avers that, by reason of the fact aforesaid, both members of the firm of Young & Lansing, to wit, Thomas H. Lansing and F. M. Young, were represented in said trial, conducted said trial, and are hereby concluded, not only as a firm, but as individuals, by the said judgment in said proceedings. . . . Defendants, further answering, state that by reason of the pleadings, and by reason of the appearance, and by reason of personally attending upon said trial, and testifying therein, and employing lawyers to contest the matters involved in said counterclaim, the said Thomas H. Lansing was, as a member of said firm of Young & Lansing, in court, and no notice was necessary to be served upon him or upon F. M. Young in reference to said counterclaim, and it was not necessary to serve upon plaintiff a notice of the filing of the counterclaim, for the

reason that the said Lansing, as a member of the firm, took issue upon said counterclaim, and testified therein, and employed lawyers to represent the said firm and the said Lansing in said action. . . . And the said sheriff of Linn county, Iowa, has the right to pursue and subject to the payment of said judgment the individual property of the said Thomas H. Lansing.

Each and all of the matters and things charged against F. M. Young and T. H. Lansing might very well have been done in their capacity as agents for the firm of which they were members, and the record nowhere recites that either entered a personal appearance to the suit. It is true that a belated transcript of the judgment, entitled "Young & Lansing v. Bever Land Co.," shows an appearance for the plaintiff. But this is the only record which shows an appearance for plaintiff, and that appearance is for Young & Lansing. A member of a partnership does not become a party to a suit brought against a partnership alone, by employing counsel, giving testimony, or attending and advising counsel upon the trial. And the same rule obtains, we think, where he is named as a party with the partnership, but not served with notice of the suit. In such cases a regular appearance is necessary. *Nixon v. Downey,* 42 Iowa, 78. It is true that one may sometimes be bound by an adjudication by giving testimony in an action to which he is not a party; but this rule has no application here. The question here is: May an execution issue against one not a party to a suit because he took part in the trial thereof? This is something entirely different from the question as to whether or not one may be bound by an adjudication in a suit to which he was not a party named. But, should we assume that by reason of conduct he was bound by the judgment, we have here a denial by the court of any personal judgment against him, although defendant, in its counterclaim, expressly asked for such a judgment.

It may be that the judgment might be amended to show

facts differing from its recitals; but, however that may be,

4. JUDGMENTS: it cannot be amended in a collateral proceed-
amendments. ing. Defendant contends broadly for the
proposition, however, that a judgment against a partnership
alone, in a suit against that entity and no one else, may be en-
forced by execution against the partnership and its property
through the seizure and sale of the property of any in-
dividual member who chose to employ counsel, gave him ad-
vice, or gave testimony upon the trial. We do not think this
is true as a proposition of law. Our Code materially changes
the rules of the common law upon this subject. Under the
Code provisions, as is said in *Anderson v. Wilson,* 142 Iowa,
158:

> In construing this section, it must be borne in mind that
at common law- the liability of members of a partnership
was joint, and not several, and that all the known partners
were necessary parties defendant, and that no judgment could
be entered against one until it was entered against all. One
purpose of the statute was to make the liability of partners
several as well as joint. Hence the provision that an action
might be brought against the partnership as such, and all,
or some, or none, of the individual members thereof. We
think, therefore, that the true construction of this statute
is that a plaintiff may prosecute his case to judgment against
the partnership alone, or against the partnership and any mem-
ber thereof which he chooses to make a party, and that he
can enforce his judgment against such defendants without
waiting to obtain jurisdiction over other members of the
firm, and without losing his right to proceed in a new action
on the original cause against 'members not made parties.' If
the plaintiff chooses to take his judgment against the partner-
ship alone, a judgment against the partnership alone is all
that he has. His execution can be no broader than his judg-
ment, nor can it run, without some special order, against
any other property than that of the judgment defendant. If
he desires an execution against the property of an individual
member of the firm, he must first obtain a judgment in some
manner. Under the Revision of 1860, he could obtain it on
*scire facias* proceedings if he had failed to obtain it in the

original proceeding. By section 3468 of the present Code he can obtain it 'by a new action.' We must hold, therefore, that the Anderson judgment against George W. Wilson & Co. is not a judgment against George W. Wilson.

As already stated, the record nowhere disclosed the personal appearance of either F. M. Young or Thos. H. Lansing, and if it did the judgment was not against either in a personal capacity. In these circumstances we need not inquire whether it is permissible in cases against a partnership to have an execution run, on a judgment against a partnership alone, against an individual member served with notice, or one who personally appeared to the suit. We may remark here, however, that if it be proposed to have execution against a member of a partnership not made a party to the proceeding, it should in any event affirmatively appear that his appearance was personal, and to defend against his personal liability rather than in a representative capacity as an agent of the partnership. If served with notice of a claim against him in a personal capacity, he must either defend or have judgment go against him by default, and in such case the record discloses all the facts essential to the establishment of personal liability. But not so where he comes in to the case to defend for the partnership which is the only party to the suit. *Ogle v. Miller,* 128 Iowa, 474. A partnership can act only through one of the partners, and a partner, in fulfilling this duty as an agent of the co-partnership or of his copartner, should not be held to a personal liability, unless it clearly appears that he, in his individual capacity, made himself a party to the suit.

These considerations rule the instant case, and it follows that the ruling on the demurrer was correct, and the order and judgment are *Affirmed.*