Harry Cohen, Appellant, v. Mizz Company et al., Appellees.

PARTIES: Defendants—Joining Retiring Partner. A creditor of a partnership may sue a former partner who has retired from the firm, and may join therein the individual members of the new partnership who have assumed the obligations of the old partnership, the creditor not being a party to the contract of assumption.

*Appeal from Des Moines Municipal Court.*—T. L. Sellers, Judge.

November 20, 1923.

Rehearing Denied March 7, 1924.

Action by a creditor of a partnership against the individual partners and certain other persons who assumed the partnership obligations, to recover certain moneys deposited with the partnership under the terms of a pleaded contract. The court, on motion, directed a verdict in favor of the defendant Levich, a retiring partner, but a member of the original partnership when the contract in suit was executed. From the judgment entered as to Levich, plaintiff appeals.—*Reversed.*

*Dunshee & Brody,* for appellant.

*F. T. Van Liew* and *Lappen & Carlson,* for appellees.

De Graff, J.—The only question presented by this appeal may be stated in hypothetical form as follows: When a partnership is dissolved by the purchase of the interest of one of the partners by another partner and other persons, and the new partnership thus created assumes existing contracts and agrees

to pay existing partnership debts, may an original firm credi-
tor, who was not a party to the assumption agreement, jointly
sue the retiring partner with the members of the new firm? In
the instant case, do the allegations of the answer and the offered
proof constitute a defense to plaintiff's cause of action against
the retiring partner?

It is undisputed that the defendant Mizz Company is a
partnership originally composed of M. E. Levey and Hymon
Levich.   Prior to its dissolution, a contract was entered into
between the plaintiff and the partnership whereby plaintiff
agreed to purchase from the company a certain liquid refresh-
ment, called "Mizz," to pay for the same at the time of ship-
ment, and to deposit with the company certain sums of money
for each case and barrel containing the product. It was further
agreed that the defendant company should repay plaintiff, upon
the return of the containers, a specified sum for each case and
barrel with the empty bottles.

The petition alleges that the defendants and each of them
have failed, neglected, and refused to pay to the plaintiff the
sums due and owing him on account of the return of empty bar-
rels, cases, and bottles, pursuant to the contract. Subsequently
to the execution of this contract, the defendants Abe Levey and
L. Levey purchased the interest of Hymon Levich in the com-
pany, and became copartners in the business with M. E. Levey,
and at said time assumed and agreed to pay all of the outstand-
ing obligations of the Mizz Company. These facts are not ques-
tioned.

It is alleged in answer by the defendant Levich that the
members of the new partnership were, on March 20, 1919, and
are now, able to pay any judgment which the said plaintiff may
procure against them; that the return of the barrels, cases, and
bottles giving rise to the claim in suit was made subsequently to
the creation of the new partnership; and that the assumption of
liability of the partnership obligations was known to the plaintiff
prior to the institution of this action; and that the plaintiff
knew that the retiring partner was released from said partner-
ship obligations and that the obligations had been assumed by
the incoming partners before the plaintiff had any claim against
the Mizz Company or the original partners.

It will be observed that the answer in part pleads legal conclusions. The evidence discloses that, shortly after the dissolution of the partnership, and prior to the commencement of this action, the plaintiff informed the defendant Levich that he had trouble with getting money for the last carload (barrels, cases, and bottles) he had sent; that payment of a sight draft had been refused unless he (plaintiff) permitted the examination of the car containing the shipment; that Levich told plaintiff that he (Levich) was out of the firm then,—had sold out to Abe and L. Levey; that he handed plaintiff his contracts with the Leveys to read, and that he told plaintiff to look to the Leveys for anything that was coming; and that plaintiff said, "All right."

Upon the conclusion of the testimony, the defendant Levich moved the court for a directed verdict in his favor, on the primary ground that "the evidence is undisputed that the obligation of said Hymon Levich, if any, has been assumed by the remaining defendants in this case." The conversation with Levich is undisputed, and it was stipulated that the trial court should give his testimony "full faith and credit." The court sustained the motion, and directed a verdict in favor of the defendant Levich, submitting the cause to the jury as to the other defendants.

This appeal is based upon the ruling of the court in sustaining the motion as to the defendant Levich.

The question is whether a creditor who is not a party to the agreement between the partners creating the new relation *inter se* is bound by the agreement, and must the creditor, after notice, treat the retiring partner, not as a joint debtor, but as a surety? The original partners were joint debtors to the instant creditor on the claim arising under the contract in suit. Did the retirement of Levich and the assumption of debts by the new firm release him from the obligation? The doctrine of novation is not involved. The creditor neither expressly nor impliedly assented to the assumption of obligations by the new firm. The original partners were joint obligors, and by their contract with plaintiff subjected themselves to all of the contractual obligations arising therefrom. Incoming partners could not change the character of the obligations without the creditor's consent, as it would violate a fundamental principle of the law

of contract. It would abrogate an express agreement in which the creditor is beneficially interested, and force upon him a new contract without his assent. Furthermore, the claimed release is a mere *nudum pactum*. It is clear, therefore, that the plaintiff had a legal right to assert his claim against the retiring partner, upon the facts stated. Did he have a right to hold the members of the new partnership under their assumption to pay the partnership obligations? The numerical weight of authority rule affirms that an assumption of partnership liability is a promise made for the benefit of a partnership creditor, and of which he is at liberty to take advantage, whether he consents or becomes a party to the contract or not. The situation presents a double aspect. As between the partners, the contract is binding upon the purchaser, and makes the debts his own, and the incoming partner becomes the individual debtor. As between the purchaser and the creditor, the latter has the right, if he deems it for his interest, to treat the purchaser as individually liable to him on his promise to his retiring partner. He is within the privity of the promise. *Poole, Gillam & Co. v. Hintrager,* 60 Iowa 180; *Malanaphy v. Fuller,* 125 Iowa 719; 20 Ruling Case Law 987, Section 223.

We therefore hold, under the undisputed facts in this case, that the defense of release is not available to the defendant Levich, and that the other defendants are liable by reason of their assumption of partnership obligations which inure to the benefit of the creditor. Wherefore the judgment entered as to the defendant Levich must be and is—*Reversed.*

PRESTON, C. J., EVANS and STEVENS, JJ., concur.