## WESTERN MUT. FIRE INS. CO. v. LAMSON BROS. & CO. et al.

### No. 150.

District Court, S. D. Iowa, Central Division.

Dec. 3, 1941.

Stanton S. Faville (of Kern & Faville), of Des Moines, Iowa, for plaintiff.

Gamble, Read, Howland & Rosenfield, of Des Moines, Iowa, and Moses, Kennedy, Stein & Bachrach, of Chicago, Ill., for defendants.

DEWEY, District Judge.

The above entitled action came on for hearing in open court at Des Moines, Iowa, on the 27th day of October, 1941, on motions by Lamson Brothers & Company, a co-partnership, and the defendants other than the partnership, to quash the service of process and return on Lamson Brothers & Company, and a motion by the defendants Harry H. Lobdell, Edward F. Thompson, George E. Booth, James A. White and William C. Karlson to quash the service of process and return thereof as to them. The defendants appeared specially for the purpose of the motions. Evidence was introduced in the form of affidavits and, by permission of the court, certain documentary evidence was also received. The attorneys have filed exhaustive briefs on the questions submitted and the issues thus raised on these motions submitted to the court.

Plaintiff in its petition seeks to recover from the defendant and asks for a judgment in an amount of $33,164.82, with interest, on the ground that the defendants unlawfully received and converted trust funds in that amount belonging to it.

The first process directed the marshal to summon all the defendants and his return of date August 16, 1941, recites:

"I hereby certify and return, that on the 16th day of August, 1941, I received the within summons and on the 16th day of August, 1941, I duly served Lamson Bros. & Co. by reading the original writ to W. H. Sievert, Office Manager of said Lamson Bros. & Co. at 207 Equitable Bldg., Des Moines, Iowa, and delivering to him a true copy of said writ together with a copy of the bill of the complaint.

"Also, on August 16, 1941, at the office of Insurance Commissioner of the State of Iowa, Des Moines, Iowa, I delivered to Charles R. Fisher, Commissioner of Insurance of the State of Iowa, as the designated process agent for Lamson Bros. & Co. a true copy of this writ together with a copy of the bill of complaint. Reading of the original writ was waived.

"None of the other named defendants in this writ could be located within the Southern District of Iowa."

At the request of the plaintiffs, and on or about September 24, 1941, another summons was delivered to the marshal to be served on the five defendants above named and said marshal on the 24th day of September, 1941, made the following return thereof: "I hereby certify and return, that on the 24th day of September, 1941, I received the within summons and that on the 24th day of September, 1941, I duly served, Harry H. Lobdell, Edward F. Thompson, George E. Booth, James A. White and William C. Karlson, individually, by serving W. H. Sievert at 207—Equitable Bldg., Des Moines, Iowa, as the agent for Harry H. Lobdell, Edward F. Thompson, George E. Booth, James A. White and William C. Karlson by offering to read to the said W. H. Sievert the original summons which he waived and by delivering to him a true copy of the said summons, together with a copy of the bill of complaint for each of the said defendants so served. None of the said defendants in the said summons could be located within the Southern District of Iowa."

Facts

In addition to the foregoing, the facts presented by the evidence on the issue as to the validity of the summonses issued is not greatly in dispute.

The defendant, Lamson Brothers & Company, is an Illinois partnership. Plaintiff's suit is in personam. The petition complains of transactions had with the defendant company during the years 1937, 1938, 1939 and 1940.

During these years several changes were made in the partnership by reason of the retirements, additions and deaths in the personnel thereof, the last change being on the 12th day of July, 1941, at which time one of the partners, Henry J. Rogers, died, and since that time the partnership consisted of Harry H. Lobdell, Edward F. Thompson, George E. Booth, James A. White, William C. Karlson, Warren M. Washburn, Frederic P. Barnes and Albert W. Lindeke.

Lamson Bros. & Company, the defendant, was and is engaged in the business of dealing in grain commodities and securities and they do business in the states of Illinois, Indiana and Missouri, as well as in Iowa. It is a member of the Chicago Board of Trade, Chicago Stock Exchange, the New York Curb Exchange and New York Stock Exchange. It has offices in eleven of the principal cities of the State

of Iowa, including one at Des Moines. During all of the time in which the transactions occurred that are complained of in plaintiff's petition, it operated under the firm name of Lamson Bros. & Company and maintained an office at 207 Equitable Building, Des Moines. W. H. Sievert, named in the marshal's return, was the resident manager at Des Moines.

The affidavit in support of the motions to quash filed by the defendants recited, among other things, that—"Each of the partnership agreements of the several and successive firms of Lamson Bros. & Co. contained and contains a provision that the death or withdrawal of a partner shall not dissolve the firm but that the firm should be continued by the remaining or surviving partners."

At the hearing there was received in evidence copies of letters addressed to the Secretary of State at Des Moines written by Mr. Karlson and Mr. White, members of the partnership, and of date February 27, 1939, January 15, 1940, September 3, 1940, December 23, 1940, June 26, 1941, and July 12, 1941. These letters were written with reference to the registration and procuring of a license for Lamson Brothers & Company under the Iowa Securities Law. Code Iowa 1939, § 8581.01 et seq. Each of these letters contain the following or a similar statement: this (death or addition of a partner) does not dissolve the partnership, as it is a continuing one and the business will be carried on and continued as heretofore by the surviving partners.

In connection with its application for a license to do business in Iowa, and in conformity with the State statutes, said partnership consented "that suits and actions growing out of the violations of any provisions of * * * 'Iowa Securities Law' may be commenced against it * * * in any county in the State of Iowa * * * by the service of any process or pleading authorized by the laws of the State of Iowa, on the Commissioner of Insurance of the State of Iowa."

Such consents to be sued were signed July 17, 1939, June 19, 1940 and June 18, 1941.

While the defendants argue that this court is without jurisdiction, there can be no question of the jurisdiction of the court or of the venue of the action.

■ Although the plaintiff did not in its petition set forth the grounds upon which the court's jurisdiction depends, as required by Rule 8(a) (1) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, yet the facts set forth show that the jurisdiction is based upon diversity of citizenship. Plaintiff may amend its petition to comply with this rule and allege, if it can, the diversity of citizenship. Sec. 399, Title 28 U.S.C.A.

■ The plaintiff is a citizen of Iowa with its principal place of business in the City of Des Moines, Iowa, in the Southern District of Iowa, and all the members of the defendant partnership are non-residents of the State of Iowa and citizens of other states. The citizenship of the partnership, within the meaning of the statute regulating the jurisdiction of the federal courts, is governed by the citizenship of the individual partners. Sutherland v. United States, 8 Cir., 74 F.2d 89. The amount in controversy here exceeds $3,000. We thus have diversity of citizenship and the requisite jurisdictional amount, and this court therefore has jurisdiction. Lee v. Chesapeake & Ohio Ry., 260 U.S. 653, 655, 43 S.Ct. 230, 67 L.Ed. 443; Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

■ As the plaintiff is a citizen of Iowa with its principal place of business in Des Moines, the venue of the action is properly laid in the Southern District of Iowa. Section 112, Title 28 United States Code Annotated. That section provides: " * * * no person shall be arrested in one district for trial in another, in any civil action before a district court * * * but where the jurisdiction is founded only on the fact that the action is between citizens of different States, suit shall be brought only in the district of the residence of either the plaintiff or the defendant."

■ This court therefore having jurisdiction and the proper venue being laid in the Southern District of Iowa, the only remaining question is whether the summons brings the defendants in this court.

Rule 4 of the Rules of Civil Procedure for the District Courts of the United States provide for summons as follows:

"Rule 4. Process. * * * (d) Summons: Personal Service. * * * Service shall be made as follows:

"(1) Upon an individual * * * by delivering a copy of the summons and of the complaint to an agent authorized by

appointment or by law to receive service of process. * * *

"(3) Upon a * * * partnership * * * which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to * * * a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. * * *

"(7) Upon a defendant of any class referred to in paragraph (1) or (3) of this subdivision of this rule, it is also sufficient if the summons and complaint are served in the manner prescribed * * * by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Section 11079 of the Code of Iowa 1939, which the plaintiff claims is one of the manners for serving summons prescribed by the laws of the State of Iowa, reads as follows: "Actions arising out of agency. When a corporation, company, or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on any agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency."

### Findings of Fact.

I find that summons of this suit was duly served upon Lamson Brothers & Company, a partnership, by the marshal on W. H. Sievert, manager of said partnership at Des Moines, Iowa, in the manner required by Rule 4(d) of the Federal Rules of Civil Procedure, and that the partnership was at that time subject to suit under a common name; that W. H. Sievert was during all of the times referred to in the complaint the general manager of Lamson Brothers & Company, residing at Des Moines, Iowa; that said partnership during all of said time had an office and agency at Des Moines, Polk County, Iowa, for the transaction of its business; that such office and agency was in a county other than that in which the partnership resided and that such action grew out of or was connected with the business of that office or agency.

### Conclusions of Law.

First. The service on the Insurance Commissioner of the State of Iowa was ineffective to give this court jurisdiction as that consent was limited to suits growing out of violations of the "Iowa Securities Law" and this action is not such a suit.

Second. (a) Service of the summons on the defendant partnership was sufficient to require the defendant Lamson Brothers & Company, a partnership, to answer in this suit under both Rule 4(d) (3) of the Federal Rules of Civil Procedure, as above quoted, and under Section 11079 of the Code of Iowa 1939, permitted under Rule 4(d) (7).

The contention of the defendants that the word "company" contained in said Section 11079 does not include a partnership is not persuasive, as in statutes of this kind the word "company" is generally construed to include a partnership. Owen v. Shepard, 8 Cir., 59 F. 746; Ellerson v. Grove, 4 Cir., 44 F.2d 493; 15 C.J.S., Company, p. 646. And the Supreme Court of Iowa has inferentially so held. Pleak v. Marks & Shields, 171 Iowa 551, 554, 152 N.W. 63; Thornburg v. James E. Bennett & Co., 206 Iowa 1187, 221 N.W. 840.

Nor are we persuaded that by reason of the changes in the personnel of the partnership the service could not hold the present partnership because it required service on the partnership in existence at the time of the matters in which the cause of action arose. The statute not only includes actions growing out of the business of the agency, but also actions connected with the business of that office.

While under the laws of Illinois a partnership is not an entity, in Iowa a partnership is not only a legal entity but can be sued as such and judgment obtained and enforced against it apart from the individual members of the partnership. Sec. 10983, Code of Iowa 1939. Anderson v. Wilson, 142 Iowa 158, 120 N.W. 677; Lansing v. Bever Land Co., 158 Iowa 693, 138 N.W. 833; Lutz v. Billick, 172 Iowa 543, 154 N.W. 884; Jensen v. Wiersma, 185 Iowa 551, 170 N.W. 780, 4 A.L.R. 298; Thornburg v. James E. Bennett & Co., supra.

It may be true as the defendant insists that the death, retirement or addition of a partner to a partnership in law dissolves that partnership; Long v. Thayer, 150 U.

S. 520, 14 S.Ct. 189, 37 L.Ed. 1167; Andrews v. Stinson, 254 Ill. 111, 98 N.E. 222, Ann.Cas.1913B, 927; but here the partners agreed among themselves, both before and after any such changes in the partnership, that the partnership was a continuing one and that the business was not to be changed by reason thereof and that for all purposes the partnership had been considered at all times as the same operated under one name. It may be conceded that under the laws of Illinois such changes do dissolve a partnership, even where the partners have agreed among themselves that it would not be so dissolved; Andrews v. Stinson, supra; but there is authority to the contrary and that under such an agreement the partnership would not be dissolved. 47 C.J. Sec. 666, p. 1072.

 But it makes no difference as to the question here at issue whether the partnership is a continuing one, as the plaintiff contends that it is entitled to recover as against the present partnership because it has assumed the liabilities of the former partnerships which may have been dissolved. The evidence above indicates, if not conclusively establishes, that the present partnership, the one on which the summons was served, did so assume the obligations and liabilities of all former partnerships. Under the laws of Iowa a new partnership may assume the obligations of an old partnership, even though the creditor is not a party to the contract of assumption. Cohen v. Mizz Co., 197 Iowa 450, 195 N.W. 735.

The defendants claim that as the partnership is made up of individuals who reside in states other than the State of Iowa, and as such individuals cannot be held by any substituted service upon them in the State of Iowa; Doherty & Co. v. Goodman, 294 U.S. 623, 55 S.Ct. 553, 79 L.Ed. 1097; that the partnership cannot be held.

 Under our system of government an individual citizen of a State is also a citizen of the United States and as such citizen of the United States he has a right, without interference on the part of any State, to transact business anywhere in the United States. For this reason a State, other than that in which he is a citizen, may not burden this right to do business in other States by making him amenable by substituted service to process under the laws of such other States on the ground that the privilege of doing business in such other State carries with it an obligation to be amenable to the courts of the State in which he is so doing business. See cases infra.

 For these reasons Sec. 11079 cannot be interpreted as meaning that service of summons can be had upon a nonresident individual of the State of Iowa by substituted service on the ground that he is doing business within the State of Iowa, as it has no such right over a citizen of the United States. A corporation, or partnership where it is an entity, is not a citizen of the United States and has no such immunity.

 In the American Law Institute, Restatement of Conflict of Laws, the rule is stated as follows: "Sec. 86. Partnerships or Other Unincorporated Associations. (1) A partnership or other unincorporated association, by doing business in a state in which the partnership or association is subject to suit in the firm name, subjects itself to the jurisdiction of the state as to causes of action arising out of the business there done."

And commenting on this subsection is the following statement: " * * * In some states by statute, partnerships and other unincorporated associations are subject to suit in the firm name. Under these statutes a partnership or other unincorporated association by doing business within the state subjects itself to the jurisdiction of the state to the same extent to which a foreign corporation subjects itself to the jurisdiction of that State."

See, also, Esteve Bros. & Co. v. Harrell, 5 Cir., 272 F. 382; approved in Simms Oil Co. v. Wolfe, 5 Cir., 6 F.2d 504.

(b) If there are technical reasons why the service was not good as against the partnership under the provisions of Section 11079 of the Code of Iowa, there can be no doubt but that the service was good as against the partnership under rule 4(d) (3) of the Federal Rules of Civil Procedure.

 Third. The non-resident individuals cannot for the reasons given be held in this action unless personal service is had upon them. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Flexner v. Farson, 248 U.S. 289, 39 S.Ct. 97, 63 L.Ed. 250; Hess v. Pawloski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091; Doherty & Co. v. Goodman, supra.

The court does not intend, of course, by this opinion to determine, other than for the purposes of this hearing, the effect of the change in the different partnerships, or the liability of the present partnership, as those are questions to be determined on the trial of the case. I do find, however, that there was proper summons upon the partnership and it is held to appear in this case, but that the service of the summons against the individuals was ineffective.

The clerk will therefore enter the following order:

The above entitled action having come on for hearing in open court at Des Moines, Iowa, on motion to quash the service as against the following five individual defendants: Harry H. Lobdell, George E. Booth, William C. Karlson, Edward F. Thompson, and James A. White, and the same being argued and submitted, said motion is sustained and the summons quashed as to such individual defendants. Plaintiff excepts.

And said action having come on for hearing on motions to quash the service on the defendant Lamson Brothers & Company, a co-partnership, and same being argued and submitted, said motions are overruled. Defendant Lamson Bros. & Co. excepts. Defendant Lamson Bros. & Co. is given ten days to further plead.