### LINDMEIER v. MONAHAN ET AL.

1. **Sale**; FRAUDLENT REPRESENTATIONS MADE BY AGENT: LIABILITY OF PRINCIPAL. Defendants owned a half interest in the business of a firm, one S. owning the other half. Defendants, through the fraudulent representations of S. as to the assets and liabilities of the firm, induced plaintiff to purchase their half interest, paying a certain sum in cash, and agreeing to pay the firm's indebtedness. The assets being much less, and the liabilities much more, than represented, *held* that defendants were bound by the fraudulent representations made by S. as their agent, whether authorized by them or not, (*Hornish v. Peck*, 53 Iowa, 157,) and that plaintiff was entitled to recover what he had lost by reason of the fraud, and to be relieved of all obligation to perform the contract.

*Appeal from Clinton Circuit Court.*

SATURDAY, JUNE 7.

ACTION IN CHANCERY. There was a decree rendered in the circuit court granting the relief prayed for by plaintiff in his petition. Defendants appeal. The facts of the case appear in the opinion.

*Aylett R. Cotton* and *E. C. Walsh*, for appellants.

*W. C. Grohe*, *L. A. Ellis* and *J. N. Rogers*, for appellee.

BECK, J.—I. The petition alleges that defendants and one Studman constituted a firm, styled Monahan Bros. & Studman, which was engaged in the business of selling agricultural implements, Studman having one-half interest in the business and property of the firm, and the defendants having the other interest therein; that plaintiff entered into negotiations to purchase the interest of defendants in the business and property of the firm, pending which defendants, through their partner, Studman, and the book-keeper of the firm, represented to him the assets of the firm as amounting in value to the sum of $3,528.66, and its liabilities to be $2,566.50,

and that, upon such representations, plaintiff purchased the defendant's interest in the firm, paying them therefor $500, and undertaking to become responsible for the payment of all debts of the firm. The petition shows that a written agreement was entered into by plaintiff and defendants for the purchase and sale of the interest in the firm, and that through mistake it recites that the purchase was made by plaintiff and Studman jointly, when in truth plaintiff alone made the purchase. It is further shown that plaintiff paid defendants $500, agreed upon as the price of their interest in the firm, and that thereafter plaintiff and Studman became equal partners, but Studman finally retired, and the business has since been conducted by plaintiff alone. It is alleged that Studman was wholly insolvent and has recently died.

The plaintiff further shows in his petition that, after the purchase and contract above stated, he discovered the fact to be that the assets of the firm amounted in value to no more than the sum of $2,500, and its indebtedness reached the sum of $4,786.05, the greater part of which he has paid, and suits are depending against him upon that which is unpaid. It is alleged that plaintiff was induced to enter into the contract by the fraudulent representations made as shown above. It is shown that, by reason of sales of the property of the firm and the payment of its debts by plaintiff, a rescission of the contract is not practicable. An accounting and judgment are prayed for, and, by an amended petition, a reformation of the written contract is sought, to the end that it may be made to conform to the real agreement of the parties.

The defendants in their answer allege that they had no knowledge of the value of the assets of the firm, and made no representations in relation thereto; that Studman and plaintiff jointly purchased their interest in the business and property, and that Studman had full knowledge of the quantity and value of the assets of the firm, as he managed its business, in which defendants took no part. They admit that plaintiff and Studman became equal partners by the pur-

chase. Other allegations and admissions of the pleadings need not be stated.

The circuit court by its decree rendered judgment against defendants for $1,367, and declared that plaintiff should be relieved from any obligations imposed by the contract, and especially from any further payment of the indebtedness of Monahan Bros. & Studman.

II. The evidence shows, without conflict, that plaintiff purchased the interest of the defendants in the firm, under the belief that the value of the assets and amount of the indebtedness were such as he states they were represented to him, and that this belief was induced by representations made by Studman and White, the book-keeper of the firm. The preponderance of the evidence shows that defendants directed plaintiff to these persons for information as to the quantity of assets and their value, and that the representations were made in defendants' interest and behalf, and induced the purchase by plaintiff. Plaintiff purchased and paid for defendants' interest in the firm, thus acquiring ownership of one-half of the assets. He then became a partner with Studman, each owning a half interest. Studman held the same interest after the purchase that he did before. The written contract, in so far as it recites that Studman united in the purchase, is a mistake—an absurd blunder. But let it be considered in the light insisted upon by defendants, namely, that plaintiff and Studman together purchased the defendants' interest in the firm. Studman before had one-half interest, and plaintiff acquired the other half by the purchase. Now Studman's misrepresentations, in order to induce plaintff to join him in the purchase, if made with defendants' authority, would render . defendants liable. The mere fact that Studman united in the purchase cannot change the case, if plaintff was defrauded and injured thereby, and defendants received benefit from the fraud. Equity will not permit frauds to be effectuated by any such expedients.

III.   And if it should appear that Studman had no au-
thority from defendants to make the fraudulent representa-
tions, the case is the same.   It cannot be doubted that, with
the knowledge and consent of defendants, Studman took part
in the negotiations leading to the purchase, in the course of
which the false representations were made.   The object of their
negotiations was the benefit of defendants by securing a pur-
chaser.   Studman will be regarded as defendants' agent, and
they will be responsible for the fraud.   *Hornish v. Peck*, 53
Iowa, 157.

This is all of principle there is in the case.   We are clear
that, under the rules of equity, the plaintiff is entitled to re-
cover the loss he has sustained by reason of the fraud, and
to be relieved of any obligation to perform the contract.
The evidence supports the decree of the court below as to the
amount of the judgment in favor of plaintiff.   It will, in
every particular, be                                     AFFIRMED.