W. F. ROENFELD, Appellee, v. L. L. POSTON, Appellant.

**SALES:** Pleading—Allegation of Freedom from Contributory Negligence. In a suit of breach of warranty that swine sold were free from all infection, and had been immunized, it was not necessary for the plaintiff to allege freedom from contributory negligence, the burden being on the defendant to prove that any injuries were caused by acts of the plaintiff.

**PARTNERSHIP:** Liability of Partners—Breach of Warranty— Against One or All. An action will lie on a breach of warranty against an individual member of a partnership, or against one member and against the partnership. Section 3468, Code, 1897.

**APPEAL AND ERROR:** Liability of Partners—Evidence—Harmless Error. In an action against an individual member of a

partnership which sold swine, the defendant suffered no preju-
dicial error by exclusion of evidence offered by him that the
swine belonged to the partnership, as the fact that they belonged
to the partnership would not prevent liability against him.

EVIDENCE: Breach of Warranty—Statement of Agent—Admissi-
bility. In a suit on breach of warranty that swine sold were
free from all infection, and had been immunized, where the hogs
had been offered for sale at an auction, and then had been with-
drawn, and thereafter the plaintiff purchased them, *held* that
evidence that the auctioneer at the sale offered the hogs under
a guarantee that they had been vaccinated, and were immune
from cholera, was properly admitted, as tending to prove the
warranty alleged.

APPEAL AND ERROR: Instructions—Conflict between Exception to
Instruction and Assigment. Although an instruction in a suit
on a warranty failed to charge that the buyer could not recover
unless he relied upon the warranty, an assignment of error
in relation thereto will not be considered where the complaining
party excepted to the very instruction, as being in error in sub-
mitting to the jury the question as to whether the buyer did so
rely, without any evidence to support the same; as the excep-
tion, which controls, concedes that the thing which it is
claimed it was error to omit, was not omitted.

*Appeal from Pottawattamie District Court.*—THOMAS AR-
THUR, Judge.

APRIL 14, 1919.

REHEARING DENIED JULY 2, 1919.

THE plaintiff alleges that defendant represented certain
swine claimed by plaintiff to have been bought of defend-
ant were free from all infection, and had been duly im-
munized, and warranted that this was so; and that, in re-
liance, he bought and paid for said animals. He alleges
that this warranty was breached, to his damage. He has
verdict and judgment, and defendant appeals.—*Affirmed.*

*Killpack & Northrop* and *Tinley, Mitchell & Pryor*, for appellant.

*Genung & Genung* and *J. J. Hess*, for appellee.

SALINGER, J.—I. The petition contained no averment that the plaintiff was himself free from contributory negligence. By motion to direct verdict, and by an exception to an instruction, defendant asserted that a verdict should be directed for defendant because this allegation was lacking. We are of opinion that this insistence is based upon a misapprehension of the issues. It is only when the plaintiff alleges that he was damaged by some negligence of the defendant's that it is incumbent for the plaintiff to add that he, himself, in no manner contributed to this negligence. But this is a suit on breach of warranty. The question of whether the plaintiff was himself negligent gets into the case by an allegation in answer that, even if there was a breach of warranty, whatever damage the plaintiff has suffered was due to his own negligence. This does not present whether there was negligence by the defendant and contribution thereto by the plaintiff, but urges the affirmative defense that nothing suffered by the plaintiff was due to any act of the defendant's. The issue is not one of negligence and contribution, but of proximate cause of damages. The answer of the defendant rightly assumed the burden on this issue. It was for the defendant to prove that any injury suffered was caused wholly by the act of the plaintiff. It follows it was not the duty of the plaintiff to disprove what the defendant had the burden of proving. He was not bound to make an advance denial of affirmative defenses by pleading such denial in his petition. It follows there was no error in overruling the motion to direct verdict, in so far as it was based on the ground that

1. SALES: pleading: allegation of freedom from contributory negligence.

plaintiff had failed to plead something that it was essential for him to plead. So of overruling said exception to instructions.

II. Defendant was not permitted to show that whatsoever may have been sold to plaintiff was the property of the partnership of Poston & Clark, of which the defendant was a member. Plaintiff gained nothing by limiting his suit to one against a single partner. If it would have been of advantage to plaintiff to bring in the partnership and both partners, and he saw fit to seek judgment against one partner only, such loss of advantage is plaintiff's, and he is not complaining. He had a right thus to narrow his claim, because Section 3468 of the Code permits an action to be brought against a partnership as such, or against all or either of the individual members, or against the partnership and all the members thereof. Defendant ought not to object because plaintiff was content with less suit, and possibly with less results from the suit, than he might have brought or had. The defendant was at liberty to bring in the partnership and the other partner, if he thought that would advantage him. The plaintiff should not be made to suffer a reversal because defendant failed to exercise that right. For that matter, it is difficult to see how the defendant lost anything; for, if it be assumed that one partner sold the partnership property, and that, if anyone was liable, it was the selling partner, the other partner, and his partnership, then, on judgment going against the selling partner, he certainly had the right to be indemnified by the partnership and the other partner. It appears without substantial conflict that the claimed single partner did do the selling. So

2. PARTNERSHIP: liability of partners: breach of warranty: against one or all.

3. APPEAL AND ERROR: liability of partners: evidence: harmless error.

we hold that the exclusion of this testimony deprived the defendant of no substantial right.

III.   Certain testimony was received over the objection of defendant.   The court refused to strike same.   It also declined to charge that said matters constituted no evidence of warranty.   To pass upon this ruling necessitates some amplification.

4. EVIDENCE:
breach of
warranty:
statement
of agent:
admissibility.

Defendant brought a herd of hogs from Missouri to Council Bluffs.   He intended to sell them in Mineola, and at auction.   There had been hog cholera at Mineola.   An acquaintance of defendant's advised him that he could sell at Mineola if the hogs were vaccinated; and defendant had this done.   He then shipped to Mineola, and began an auction sale.   He employed one McKenzie as auctioneer, and McKenzie acted.   The testimony of the auctioneer, which is one of the subjects of the present complaint, was this:

"Before the sale, Poston handed me the certificate from the veterinary, Dr. Hollingsworth, and asked me to read that, and I did.   He said he would guarantee the hogs to be vaccinated, as near as I can remember.   He said he guaranteed these hogs to be vaccinated, and immune from cholera; that is the representation I sold, or tried to sell, them under."

Other testimony objected to was that of four persons present, who testified that the auctioneer said the hogs were guaranteed to be immune.   Both plaintiff and defendant were present.   Some question was raised about a guarantee, and an abortive attempt to get a veterinarian on the telephone was made.   Defendant then declared he knew the hogs had been vaccinated, and had himself assisted in the operation.   After all this had been said and done, the auctioneer sold some of the herd, and plaintiff bought part. After the sale had proceeded for a short time, defendant

became dissatisfied with the results, and had the sale declared off. He secured a return of all that had been sold. Practically immediately after this, plaintiff made a private arrangement, whereby plaintiff took the entire herd. The jury could find that, in this private arrangement, defendant said he would re-vaccinate the hogs if they took sick. Plaintiff took the animals home, and sold part of them. When these died of cholera, he reimbursed the persons to whom he had sold, to the extent of the purchase price. The remainder of the herd either died of cholera or became worthless. The sale occurred on March 5th; the hogs began to die on the 13th; on the 14th, defendant was notified of the fact; on the 20th, he came, with the veterinarian, to investigate. When the veterinarian came, some of the pigs were dead. He pronounced that they had died from pneumonia, and based his opinion, in part, upon a post mortem. He declared a vaccination would do no good, and the plaintiff acquiesced.

It may be conceded, for the sake of argument, the jury could have found that the alleged warranty limited the remedy of the plaintiff to have defendant furnish re-vaccination. It could also find that that was not the limitation upon the warranty, and that the auctioneer and the defendant, in the presence of the plaintiff, made the statements found in the testimony objected to. That being so, it would seem that the testimony received was rightly received. Assuming authority in the auctioneer, what the testimony tends to show he said certainly tends to prove the warranty alleged. There can be no serious question about want of authority, because the defendant was present when the statement was made by the auctioneer, and defendant himself made substantially a like statement. We gather, then, that the real objection is the untenable one that the auctioneer acted without authority, or beyond the scope of his

authority.    That this is the theory of the complaint is strongly indicated by the citation of *Baudouine v. Grimes,* 64 Iowa 370; but the case is not in point.    It holds that:

"The doctrine that a discharged agent may, under some circumstances, bind his former principal to the extent of the authority with which he had been apparently clothed, has no application beyond the claims of the agent."

Though *Lindmeier v. Monahan,* 64 Iowa 24, is not strictly in point, it does have substantial bearing in support of the action below.    In the *Lindmeier* case, certain fraudulent representations had been made, which induced the plaintiff to buy from another, and we said:

"If it should appear that Studman had no authority from defendants to make the fraudulent representations, the case is the same.    It cannot be doubted that, with knowledge and consent of the defendants, Studman took part in the negotiations leading to the purchase, in the course of which the false representations were made.    The object of their negotiations was the benefit of defendants by securing a purchaser.    Studman will be regarded as defendants' agent, and they will be responsible for the fraud."

In one word, the evidence received relevantly supported the theory of the plaintiff, with which the jury agreed. Sufficient foundation appeared so that, if made, the statements would bind the defendant.    Therefore, we hold that there was no error in receiving and retaining this testimony, and letting the jury say, as a question of fact, with the aid of such testimony that the claim of plaintiff was established.

IV.    It is urged the court erred because Instruction 4, given, fails to charge the jury that, unless the plaintiff proved that he relied on the warranty, he had failed to

prove his case.    Before we may consider

5. APPEAL AND ERROR: instructions: conflict between exception to instruction and assignment.

whether the alleged omission would constitute error, it is necessary to dispose of a practice point.    Instruction 4 does fail so to charge.    The exceptions to that instruction, in so far as they deal with this point, are that the court erred in giving this instruction, because same submits to the jury whether or not the defendant warranted the hogs to be immune, and whether the plaintiff relied on such warranty, though there is no warrant in the record for the submission of that question to the jury.

We are unable to see how we can entertain the error assignment now made on this instruction.    Review thereof is limited by the exceptions taken.    A sufficient exception may not entitle to review, if the brief does not meet the rules.    But no brief will obtain review in so far as the brief goes beyond the exception taken.    *Powers v. Iowa Glue Co.*, 183 Iowa 1082.    Now, here is a complaint that the court erred in failing to include certain things in a stated instruction.    Here is an exception that the court erred because it did put into the instruction the very thing the omission of which the assignment complains of.    We think the exception controls, and that, for the purposes of reviewing this assignment, we must meet the claim that it was error to omit a stated thing from the instruction by holding that the exception concedes that that thing was not omitted therefrom.

The judgment is—*Affirmed.*

LADD, C. J., EVANS and PRESTON, JJ., concur.